■ WILLIAM BOLDE et al., Respondents, v YARD-MAN COMPANY, INC., Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 28, 1987 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.

On March 29, 1984 plaintiff William Bolde allegedly sustained injuries while utilizing a snow blower. This negligence, strict products liability and derivative action for damages was commenced against defendant, Yard-Man Company, Inc., the alleged manufacturer of the machine. The existence of the named defendant was admitted in the answer, but defendant redesignated its corporate title to "MTD, Inc., d/b/a Yard-Man Company s/h/a Yard-Man Company, Inc.", and alleged as an affirmative defense that MTD was not responsible for any alleged accident or injury. MTD then moved for summary judgment on the ground that it was not the successor to the named defendant and had not assumed the named defendant's

responsibilities for strict products liability. Supreme Court denied the motion and this appeal followed.

It was improper for defendant to redesignate its identity. Plaintiffs are entitled to name their defendant and it is noteworthy that the named defendant's existence has been admitted. We perceive, however, no detriment to plaintiffs by defendant's unilateral action. Such alteration does not change the fact that by agreement dated July 8, 1975, MTD purchased certain assets of the named defendant and the parties to the agreement specifically provided, "MTD is purchasing certain specified assets only and that under no circumstances is MTD to be deemed a successor, purchaser or assignee of any of the business of Yard-Man." Thus, the named defendant · must have continued as a viable entity, a fact bolstered by the admission as to the named defendant's existence in the answer, and MTD therefore cannot be considered a "mere continuation" of the named defendant (see, Schumacher v Richards Shear Co., 59 NY2d 239, 245). There has been no proof submitted on this motion concerning why summary judgment should be granted in favor of the named defendant. Accordingly, regardless of MTD's liability, on this record the named defendant remains a viable defendant and summary judgment dismissing the complaint was properly denied.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.