■ SENTRY INSURANCE COMPANY, as Subrogee of WILLIAM C. HALDENWANG, Respondent, v KERO-SUN, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. TOYOTOMI KO-GYO Co., LTD., Third-Party Defendant-Appellant.—In an action by Sentry Insurance Company, as subrogee of William C. Haldenwang, to recover the sum of $125,000 paid to the third-party defendant Toyotomi Kogyo Co., Ltd., Toyotomi Kogyo Co., Ltd. appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 14, 1988, which granted the motion of the plaintiff for renewal of the appellant's motion for summary judgment dismissing the complaint, and thereupon denied its motion.

Ordered that the order is affirmed, with costs to the plaintiff-respondent.

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting leave to renew (see, Vitale v La Cour, 92 AD2d 892). The new evidence offered was obtained pursuant to court-ordered dis-

closure during the pendency of the appellant's motion for summary judgment. The delay in the discovery proceedings offers a valid excuse for the failure of Sentry Insurance Company (hereinafter Sentry) to submit the additional facts in its opposition to the appellant's motion *(cf., McRory v Craft Architectural Metals Corp.,* 112 AD2d 358).

Moreover, the court did not err in setting aside its earlier determination that the appellant was entitled to summary judgment based on Sentry's response to its request to admit. The court had originally held that Sentry could not allege a cause of action sounding in product liability against the appellant because of Sentry's admission that the "HEATER functioned properly" "[a]t all times prior to and including" the date Sentry alleged it malfunctioned. Upon renewal, Sentry explained that it interpreted that request as seeking a concession as to lack of notice of the defect prior to the date of its manifestation, rather than lack of the existence of the defect on that date. The underlying purpose of a request to admit is " 'to eliminate from contention factual matters which are easily provable and about which there can be no controversy' " *(Taylor v Blair,* 116 AD2d 204, 206; *see,* CPLR 3123 [a]). The existence of the defect is the ultimate issue and can only be determined upon expert evidence. Therefore, Sentry's response to this apparently ambiguous request to admit should not be construed as precluding it from asserting a cause of action to recover damages for product liability. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.