DENISE M. WENSING, an Infant, by DOROTHY A. WENSING, Her Mother and Natural Guardian, et al., Respondents, v PARIS INDUSTRIES-NEW YORK et al., Defendants, and LEANDER ACQUISITION CORPORATION, Appellant.

Third Department, July 5, 1990

## APPEARANCES OF COUNSEL

*Wilson, Elser, Moskowitz, Edelman & Dicker (Rosario M. Vignali* of counsel), for appellant.

*Birbrower, Montalbano, Condon & Frank, P. C. (Sydell L. Green* of counsel), for respondents.

**OPINION OF THE COURT**

MAHONEY, P. J.

Plaintiff Dorothy A. Wensing commenced this action on behalf of her minor daughter who was severely injured in a sledding accident on December 31, 1987. Allegations of negligence, strict products liability and breach of warranty are made and a derivative claim by the mother is also presented. Defendants include Paris Industries Corporation, which manufactured the sled prior to its purchase in 1986 and which filed a petition in bankruptcy in 1987. Defendants also include Leander Acquisition Corporation, which purchased Paris Industries Corporation's assets from the bankruptcy trustee pursuant to an agreement approved by order of Bankruptcy Court dated August 28, 1987. Plaintiffs' complaint alleges that Leander, which subsequently changed its name to Paris Manufacturing Corporation, is the successor to Paris Industries Corporation and, accordingly, can be cast in liability for the alleged conduct of Paris Industries Corporation. It also alleges that Leander breached a duty to warn as a successor corporation about dangers in the use of the sled. Leander moved to dismiss the complaint against it on the grounds that a defense is founded upon documentary evidence and that the action cannot be maintained because of a discharge in bankruptcy. Supreme Court denied the motion with leave to move for summary judgment following completion of discovery. Leander appeals.

A corporation which acquires the assets of another is not generally liable for the torts of its predecessor *(Schumacher v Richards Shear Co.,* 59 NY2d 239, 244). Among the exceptions to this rule are an expressed or implied assumption of the predecessor's tort liabilities, a consolidation or merger of the seller and purchaser, or the mere continuation of the seller by the purchaser *(supra,* at 245). With regard to the first, the applicable documents in this case reveal that Leander purchased the assets without assuming "any warranty obligations or product liability claims * * * with respect to any inventory sold, shipped or delivered prior to [August 28, 1987]". They further provide that Leander took the assets "free and clear * * * of * * * all claims for products liability (to the extent that such claims are in existence or arise out of products

manufactured and sold prior to the closing date)". These provisions evince a clear intent that Leander was not assuming any liability for products sold prior to its acquisition of assets. Because it is undisputed that the sled involved was manufactured and sold prior to the operative time, Leander cannot be cast in liability under the first enumerated exception.

The remaining two enumerated exceptions "are based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" *(Grant-Howard Assocs. v General Housewares Corp.,* 63 NY2d 291, 296). The record reveals that Paris Industries Corporation survived the asset transfer as a distinct corporation, albeit in bankruptcy. Under such circumstances, Leander cannot be cast as its mere continuation *(see, Schumacher v Richards Shear Co., supra,* at 245; *Bolde v Yard-Man Co.,* 150 AD2d 892, 893).

Plaintiffs suggest that Leander's acquisition of Paris Industries Corporation's assets constituted a de facto merger, a situation about which they seek at least an opportunity to conduct discovery before dismissal. It appears from the record that Leander acquired more than just Paris Industries Corporation's fixed assets but also acquired all intangible assets, such as good will, and such other assets as trademarks, patents, customer lists and phone numbers. Leander also acquired the right to use the name Paris Manufacturing and, indeed, changed its name to Paris Manufacturing Corporation. This is especially significant because the record reveals that Paris Industries Corporation, prior to 1984, was known as Paris Manufacturing Corporation. This use by Leander of Paris Industries Corporation's prior name certainly supports plaintiffs' claim that they should be provided at least an opportunity to conduct discovery on the extent of Leander's activities following the asset acquisition. In this regard, Supreme Court properly noted that Leander retains the opportunity to move for summary judgment if such action is warranted. Accordingly, dismissal on this ground was properly denied.

We also reject Leander's contention that it cannot be liable because Bankruptcy Court's order approving its asset purchase free and clear of products liability claims arising out of products sold before the asset sale must be given effect under 11 USC § 363 (f). This foreclosure of liability section of

the Bankruptcy Reform Act of 1978 conditions such immunity from suit on nonbankruptcy law allowing the purchase of assets with the immunity (11 USC § 363 [f] [1]). The Court of Appeals has indicated that agreements apportioning liability between defunct and successor corporations "cannot affect the rights of a stranger to their contract" *(Grant-Howard Assocs. v General Housewares Corp.,* 63 NY2d 291, 297, *supra).* Considering this rule of law, we are of the view that the corporations' agreement, even though approved by Bankruptcy Court, cannot defeat plaintiffs' products liability cause of action against Leander.

 Finally, we add that as to plaintiffs' claim that Leander breached some duty to warn after its acquisition of Paris Industries Corporation's assets, we find no allegations of any special relationship upon which such a duty might be based so that Leander can have no liability under this theory *(see, Sullivan v Joy Mfg. Co.,* 70 NY2d 806, 808).

CASEY, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, with costs.