■ JAMES WINCH, JR., Appellant, v YATES AMERICAN MACHINE COMPANY, INC., Respondent, and UIS, INC., Appellant. [613 NYS2d 980] —Crew III, J. Appeals (1) from an order of the Supreme Court (Viscardi, J.), entered February 16, 1993 in Essex County, which granted defendant Yates American Machine Company, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, and (2) from an order of said court, entered July 26, 1993 in Essex County, which, *inter alia,* denied motions by plaintiff and defendant UIS, Inc. for reconsideration.

Plaintiff sustained injuries while planing lumber on a woodworking machine manufactured by S.A. Woods. Prior to this incident, Woods merged into Kreuger Brewing Company, which assumed all of Woods' liabilities. Thereafter, defendant Yates Machine Company, Inc. entered into an agreement with Kreuger, whose name had been changed to GKB, Inc., and defendant UIS, Inc. to purchase some of GKB's assets that it had acquired from the Woods merger. Pursuant to that agree-

ment, Yates did not assume any of Woods' liabilities or obligations. GKB then merged into UIS and, as part of the merger, UIS assumed all of GKB's obligations.

Plaintiff sued Yates and UIS for his injuries and sought damages based upon strict products liability, negligence and breach of warranty. Approximately two weeks after UIS submitted an answer to plaintiff's complaint, Yates moved for summary judgment on the ground that it was absolved from liability by reason of the merger agreement between it and UIS, which expressly provided that Yates did not assume the liabilities of Woods. Supreme Court granted the motion and dismissed plaintiff's complaint and the cross claims of UIS. Plaintiff and UIS moved to renew and reargue, which motions were denied. Both plaintiff and UIS appeal.

Initially, we are of the view that plaintiff's motion for reconsideration was one to reargue and, as such, is nonappealable *(see, Lindsay v Funtime, Inc.,* 184 AD2d 1036). We are also of the view, however, that plaintiff's initial papers in opposition to Yates' motion for summary judgment raised genuine issues of fact warranting denial of summary judgment. While it is true that "a corporation which acquires the assets of another is not [generally] liable for the torts of its predecessor" *(Schumacher v Richards Shear Co.,* 59 NY2d 239, 244), it appears from the record before us that Yates acquired not only Woods' fixed assets but also Woods' trademark, customer lists and goodwill, and "a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" *(Grant-Howard Assocs. v General Housewares Corp.,* 63 NY2d 291, 296). Moreover, plaintiff has alleged negligent failure to warn, and Yates may have had a duty to warn users of potential hazards and dangers associated with Woods' products independent of Yates' status as a successor corporation to Woods *(see, Cover v Cohen,* 61 NY2d 261, 275).

As to UIS' motion, we reject Yates' argument that it was one to reargue and is thus nonappealable *(see, Lindsay v Funtime, Inc.,* 184 AD2d 1036, *supra).* In support of its motion, UIS submitted various documents, correspondence and excerpts from examinations before trial in other out-of-State cases in which Yates was a party, asserting that counsel had not received the information prior to Yates' motion for summary judgment *(cf., Sentry Ins. Co. v Kero-Sun, Inc.,* 154 AD2d 662, 663), and while, as Yates asserts, the papers clearly existed at the time of the motion for summary judgment, they

were in the possession of out-of-State attorneys representing UIS in completely unrelated matters. Given the alacrity with which the motion for summary judgment was brought, resulting in counsel for UIS not discovering the proffered evidence until after Supreme Court's decision thereon, we conclude that UIS has provided a justifiable excuse for not placing this evidence before Supreme Court on the initial motion *(cf., Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819).

Although the papers initially submitted by UIS in opposition to Yates' motion for summary judgment were, in our view, sufficient to raise triable issues of fact, this newly discovered evidence makes it even more apparent that summary judgment should have been denied in order that UIS be afforded the opportunity to conduct discovery *(see, Wensing v Paris Indus.-N. Y.,* 158 AD2d 164). As noted previously, the record raises a question of fact regarding whether Yates effectively took over Woods in its entirety and discovery on this issue is warranted. Moreover, given the evidence that Yates purchased Woods' assets and customer lists in order to profit by supplying replacement parts for Woods' machines and that Yates identified Woods as a division of Yates for marketing purposes *(see, Wensing v Paris Indus.-N. Y., supra,* at 167), UIS also should be permitted discovery on the extent of Yates' activities following the asset acquisition to determine whether there has been a de facto merger. The newly discovered evidence also reveals that Yates sent 7,000 letters to Woods' customers describing known problems with machines like the one at issue here, and UIS is entitled to discover whether such a letter was sent to plaintiff's employer and what action, if any, was undertaken as a result thereof.

Finally, the newly discovered evidence reveals that Yates was engaged in supplying replacement parts and spare parts for Woods' machines. The question arises as to whether Yates may have provided replacement parts for the accident-causing machine, which necessitates discovery of Yates' records as well as those of plaintiff's employer. Moreover, statements by a Yates' representative that the company was never involved with the repair or maintenance of the machine at bar are self-serving and insufficient to demonstrate entitlement to summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557).

Mercure, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendant UIS, Inc. for renewal; said cross motion granted

and, upon renewal, the motion of defendant Yates American Machine Company, Inc. for summary judgment dismissing the complaint and all cross claims against it is denied; and, as so modified, affirmed.