■ MAXIMINO BURGOS et al., Respondents, v PULSE COMBUSTION, INC., et al., Defendants, PILOT ENERGY CORPORATION, Respondent, and HYDRO THERM CORPORATION, Appellant. (And a Third-Party Action.) [642 NYS2d 882] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered April 26, 1995, which denied defendant-appellant's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

The IAS Court correctly found issues of fact bearing upon appellant's possible "mere continuation" and "consolidation or merger" successor liability (*see, Schumacher v Richards Shear Co.*, 59 NY2d 239, 245). Evidence tending to support successor liability showed that appellant purchased almost all of the predecessor corporation's fixed assets and intangibles; that the predecessor corporation apparently ceased to exist soon after the sale; that appellant assumed a name nearly identical to

that of the predecessor corporation; that at least one officer from the predecessor corporation was retained by appellant; and that the same products were manufactured at the plants transferred under the purchase agreement. The provisions of the purchase agreement that the assets were being sold free of "adverse charges of any nature", that the predecessor corporation was responsible for all claims relating to defective products manufactured before the sale, that no stock or corporate records were being transferred and that appellant was not required to hire the predecessor corporation's employees do not require a finding of no successor liability as a matter of law (*see, Sweatland v Park Corp.*, 181 AD2d 243). Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.