**INTERNATIONAL PRIVATE SATEL-LITE PARTNERS, L.P., d/b/a Orion Atlantic, L.P., Plaintiff,**

v.

**LUCKY CAT LIMITED, et al, Defendants.**

No. 96–CV–6503L.

United States District Court, W.D. New York.

Sept. 5, 1997.

David M. Lascell, John R. Simon, Hallenbeck, Lascell, Norris & Zorn, LLP, Rochester, NY, James B. Kaufman, Orion Atlantic, L.P., Rockville, MD, for International Private Satellite Partners, L.P.

Harold A. Kurland, Deirdre M. Flynn, Andrew M. Burns, Nixon, Hargrave, Devans & Doyle, LLP, Rochester, NY, for Lucky Cat Ltd.

Michael Wolford, Michael R. Wolford & Associates, Rochester, NY, for Swiftcall (Jersey) Ltd.

## DECISION AND ORDER

LARIMER, Chief Judge.

Plaintiff, International Private Satellite Partners, L.P., d/b/a Orion Atlantic, L.P. ("Orion"), commenced this action against defendants Lucky Cat Limited ("Lucky Cat") and Swiftcall (Jersey) Limited ("Swiftcall (Jersey)"), to recover damages for an alleged breach of contract. Swiftcall (Jersey) has moved pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of personal jurisdiction.

## BACKGROUND

Orion is a limited partnership in the business of providing international satellite communications services to business customers. The complaint alleges that in 1995, Orion entered into four contracts with Swiftcall Limited, an England-based company in the business of providing telecommunications services, under which Orion agreed to provide satellite communications links between

Swiftcall Limited's premises for three years. Each of the four contracts provided, *inter alia*, that "the parties hereby irrevocably submit to the jurisdiction and venue in the State of New York in connection with any action to enforce or interpret this Agreement."

Plaintiff alleges that Swiftcall Limited breached the contracts by failing to pay Orion certain charges. Plaintiff also alleges that on or about May 31, 1996, Swiftcall Limited ceased doing business, and that Golden Pages (Jersey) Limited continued providing the services that Swiftcall Limited had previously performed. Golden Pages (Jersey) Limited subsequently changed its name to Swiftcall (Jersey) Limited.

According to plaintiff, Swiftcall Limited subsequently resumed business under the name Lucky Cat Limited. At this point it is not entirely clear what the relationship is between Lucky Cat and Swiftcall (Jersey), but plaintiff seeks to hold both Lucky Cat and Swiftcall (Jersey) liable under Orion's contracts with Swiftcall Limited.

## DISCUSSION

The only basis upon which plaintiff premises personal jurisdiction over defendants is the forum selection clause in the contracts between Orion and Swiftcall Limited. Swiftcall (Jersey) contends that it is not a successor to Swiftcall Limited and that it is therefore not bound by that clause. Swiftcall (Jersey) admits that it purchased a customer list and certain computer equipment from Swiftcall Limited in June 1996, but denies that it assumed any obligations of Swiftcall Limited under any existing contracts.

"A plaintiff facing a Fed.R.Civ.P. 12(b)(2) motion to dismiss made before any discovery need only allege facts constituting a prima facie showing of personal jurisdiction." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.1997). Since there has been no discovery in this case, then, plaintiff may defeat Swiftcall (Jersey)'s motion "based on legally sufficient allegations of jurisdiction." *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996); *accord Ball v. Metallur-gie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990). In deciding the motion, the court must also "construe the pleadings and affidavits in plaintiff's favor at this early stage." *PDK Labs,* 103 F.3d at 1108.

In addition, on a motion of this type, the court "has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981). While plaintiff has the ultimate burden of establishing jurisdiction by a preponderance of the evidence, prior to an evidentiary hearing or trial "a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." *Id.; accord Benjamin Sheridan Corp. v. Benjamin Air Rifle Co.,* 827 F.Supp. 171, 174 (W.D.N.Y.1993).

As stated, the basis for personal jurisdiction over Swiftcall (Jersey) is a forum selection clause. "[F]orum selection and choice of law clauses are presumptively valid where the underlying transaction is fundamentally international in character." *Roby v. Corporation of Lloyd's,* 996 F.2d 1353, 1362 (2d Cir.) (citing *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972)), *cert. denied,* 510 U.S. 945, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993). The existence of a valid forum selection clause that is enforceable against the parties to an action "obviat[es] the need for a separate analysis of the propriety of personal jurisdiction." *Packer v. TDI Sys., Inc.,* 959 F.Supp. 192, 196 (S.D.N.Y.1997) (citing *Jones v. Weibrecht,* 901 F.2d 17, 18 (2d Cir.1990)).

In the case at bar, Swiftcall (Jersey) does not contest the validity of the forum selection clause at issue; it simply contends that Swiftcall (Jersey) is not bound by it because it was not a party to the underlying contract. However, "[i]t is well established that 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'"

*Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.,* 949 F.Supp. 1427, 1434 (N.D.Cal.1997) (quoting *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 514 n. 5 (9th Cir.1988)). An entity that is not a party to a contract containing a forum selection clause may therefore be bound by the clause if the entity is " 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 209 (7th Cir.1993) (quoting *Manetti–Farrow,* 858 F.2d at 514 n. 5).

■ I find that plaintiff's allegations are sufficient at this stage to show that Swiftcall (Jersey) is bound by the forum selection clause. Swiftcall (Jersey) admits to having purchased some assets and customer lists from Swiftcall Limited, and that it entered into the business of providing services similar to those previously performed by Swiftcall Limited. Since the precise contours of the transactions and relationship between Swiftcall (Jersey) and Swiftcall Limited are not clear at this point, I cannot simply accept Swiftcall (Jersey)'s assertion that it did not assume any of Swiftcall Limited's contractual obligations. Construing the pleadings and affidavits in plaintiff's favor, *PDK Labs,* 103 F.3d at 1108, I conclude that there is a basis upon which it could be found that it was foreseeable to Swiftcall (Jersey) that by engaging in its transaction with Swiftcall Limited and thereafter performing the same services as Swiftcall Limited, Swiftcall (Jersey) might be closely enough related to disputes arising out of Swiftcall Limited's contracts to bind Swiftcall (Jersey) under the forum selection clause. *See Hugel,* 999 F.2d at 210 (plaintiff corporations owned by individual plaintiff were so closely related to dispute between individual plaintiff and defendant that they were bound by forum selection clause entered into between individual plaintiff and defendant); *Manetti–Farrow,* 858 F.2d at 514 n. 5 (defendants' conduct was so closely related to contractual relationship, between plaintiff and other defendant that all defendants were bound by other defendant's forum selection clause); *Graham Technology,* 949 F.Supp. at 1434 (plaintiffs' conduct was closely related to contractual relationship between parties to forum selection clause, and therefore plaintiffs were bound by clause).

■ In addition, under New York law, which governs the issue of personal jurisdiction in this case, *see CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986), in some circumstances a corporation may be held liable for breach of another corporation's contracts on a theory of successor liability. Successor liability may be found where: a company has expressly or impliedly agreed to assume another company's debts and obligations; the transaction conveying one company's assets to the other was fraudulent; there was a *de facto* merger or consolidation of the companies; or the purchasing company was a mere continuation of the selling company. *Old Republic Ins. Co. v. Hansa World Cargo Serv.,* 170 F.R.D. 361, 376 (S.D.N.Y.1997); *American Buying Ins. Serv. v. S. Kornreich & Sons,* 944 F.Supp. 240, 249 (S.D.N.Y.1996). "[P]leadings of successor liability are subject to the lenient pleading requirements of Rule 8(a), not the more rigorous standards of Rule 9(b)." *Old Republic,* 170 F.R.D. at 376.

■ In the instant case, plaintiff alleges that Swiftcall (Jersey) is bound by the Orion–Swiftcall Limited contract, including the forum selection clause, on the theory that there was a *de facto* merger of Swiftcall (Jersey) and Swiftcall Limited. "A *de facto* merger occurs where one corporation is absorbed by another, but without compliance with the statutory requirements for a merger." *Arnold Graphics Indus., Inc. v. Independent Agent Ctr.,* 775 F.2d 38, 42 (2d Cir. 1985). Several factors may indicate that a *de facto* merger has occurred, including: (1) continuity of ownership; (2) a cessation of the predecessor company's business as soon as practically possible; (3) the successor's assumption of the predecessor's liabilities that are necessary for the uninterrupted continuation of business; and (4) continuity of management, personnel, physical location, assets, and general business operation. *See Arnold Graphics,* 775 F.2d at 42; *Lumbard v. Maglia, Inc.,* 621 F.Supp. 1529, 1535 (S.D.N.Y. 1985). "Not all of these factors are necessary to demonstrate a merger; rather, these

factors are only indicators that tend to show a *de facto* merger." *Lumbard,* 621 F.Supp. at 1535 (quoting *Menacho v. Adamson United Co.,* 420 F.Supp. 128, 133 (D.N.J.1976)).

■ In the case at bar, plaintiff has alleged that Swiftcall (Jersey) is carrying on the telephone communications services business previously operated by Swiftcall Limited, that Swiftcall (Jersey) has held itself out to the public as the same business, and that it is under the same management and ownership of Swiftcall Limited. In support of these assertions, plaintiff has submitted evidence that some of Swiftcall Limited's assets and customers have been transferred to Swiftcall (Jersey), that Swiftcall (Jersey) uses the same business address as Swiftcall Limited, and that an English couple, Thomas and Bridget McCabe, have substantial (and perhaps total) ownership of and control over both companies. *See* Affidavit of John R. Simon, Esq., Aug. 25, 1997, Exs. F through L. In addition, the obvious similarity between the two companies' names suggests some affiliation between them.

I find that this evidence and allegations are sufficient at this stage to defeat Swiftcall (Jersey)'s motion to dismiss. Again, though Swiftcall (Jersey) disputes some of these allegations, I must resolve any doubts on these matters in plaintiff's favor. Regardless of whether plaintiff will succeed in carrying its ultimate burden of establishing personal jurisdiction by a preponderance of the evidence, these allegations, if true, are factors tending to show the existence of a *de facto* merger. *See American Buying,* 944 F.Supp. at 249 (plaintiffs' allegations that defendants merged with, and assumed liabilities of predecessor necessitated denial of defendants' motion to dismiss); *Burgos v. Pulse Combustion, Inc.,* 227 A.D.2d 295, 295–96, 642 N.Y.S.2d 882 (1st Dep't 1996) (lower court correctly found issues of fact bearing on successor liability, based on evidence that defendant purchased almost all of predecessor's fixed assets and intangibles, that defendant assumed a name nearly identical to predecessor's, that at least one officer from predecessor was retained by defendant, and that same products were manufactured at plants transferred by predecessor to defendant); *Winch*

*v. Yates American Mach. Co.,* 205 A.D.2d 1001, 1003, 613 N.Y.S.2d 980 (3d Dep't 1994) (record raised question of fact regarding whether defendant effectively took over predecessor in its entirety, and discovery on that issue was warranted), *appeal dismissed,* 84 N.Y.2d 1027, 623 N.Y.S.2d 182, 647 N.E.2d 454 (1995); *Wensing v. Paris Industries– New York,* 158 A.D.2d 164, 167, 558 N.Y.S.2d 692 (3d Dep't 1990) (motion to dismiss was properly denied, since evidence that defendant acquired both fixed and intangible assets, including customer lists, from predecessor, was sufficient to require plaintiff at least an opportunity to conduct discovery on successor-liability claim).

Plaintiff has requested that it be permitted to conduct discovery of Swiftcall Jersey relating to the issue of successor liability. Since some of the relevant facts are in dispute, and given the threshold nature of this issue, allowing some limited discovery would be the wisest course. *See Air–Flo M.G. Co. v. Louis Berkman Co.,* 933 F.Supp. 229, 233 (W.D.N.Y.1996); *Rich v. KIS California, Inc.,* 121 F.R.D. 254, 259–60 (M.D.N.C.1988). Given the fact that much of the relevant evidence is presumably located in England, I believe that a period of 120 days is warranted. At the end of that period, Swiftcall (Jersey) may renew its motion to dismiss, if appropriate.

### CONCLUSION

Defendant Swiftcall (Jersey) Limited's motion to dismiss (Item 14) is denied without prejudice. All discovery on plaintiff's claims against Swiftcall (Jersey) Limited, except for discovery relating to personal jurisdiction over Swiftcall (Jersey) Limited, is stayed for 120 days from the date of issuance of this order, unless the parties otherwise agree. This stay does not affect the other defendant. Depending on what develops in discovery, Swiftcall (Jersey) Limited may renew its motion to dismiss, if appropriate, and consistent with Fed.R.Civ.P. 11.

IT IS SO ORDERED.