■ Eyup Boz et al., Appellants, v Julius Berger et al., Defendants, and David Levinsky, Respondent. [702 NYS2d 336] —In an action to recover damages for personal injuries, etc., based upon dental malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated October 9, 1998, as granted the motion of the defendant David Levinsky for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

A movant for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof to establish the existence of material issues of fact which require a trial (*see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). In medical or dental malpractice cases, a plaintiff, in opposition to a defendant's summary judgment motion, must submit evidentiary facts or materials to rebut a prima facie showing by the defendant that he was not negligent in treating a plaintiff or that his negligence was not the proximate cause of the injury so as to demonstrate the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp., supra*). Here, after the defendant David Levinsky made out a prima facie case for summary judgment, the plaintiffs sustained their burden of raising various factual issues. These issues include whether Levinsky followed proper medical procedure in allegedly beginning a dental procedure only 10 minutes after administering intravenous antibiotics to a patient who had a replacement heart valve, and whether this caused the injuries.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.