OPINION OF THE COURT
Andrew V. Siracuse, J.
The plaintiff here presents a perfectly-pleaded case against a company called Personic, a software firm that specialized in a product for recruiting firms. The complaint is not against Personic, however, but against a corporation called Xperius, *486 which bought most if not all of Personic’s assets in June 2002 after a foreclosure sale. Personic had defaulted on loans made by Sand Hill Capital, and Sand Hill, as plaintiff in the foreclosure, had itself purchased the assets at the sale. Only thereafter did Sand Hill sell the majority of them to Xperius. In brief, Personic was in substantial financial trouble, and one creditor foreclosed on its loans, took ownership of the company’s assets, and sold its major assets without liabilities to Xperius.
At this point Xperius has moved for summary judgment on the grounds that it has insufficient contacts with New York for this court to assert jurisdiction. This issue is not seriously contested by the plaintiff. Instead, the plaintiff rests its argument on a claim that Xperius is really Personic carrying on business under another name. The entire question thus turns on whether or not there was a de facto merger between Personic and Xperius.
There is no doubt that Xperius is doing the business that Personic once performed: marketing the software, supporting it and informing customers through its Web site and otherwise that dealing with Xperius is the same as dealing with the people who made Personic’s product. Is this sufficient for a de facto merger under New York law?
The criteria for a de facto merger are often called the Arnold standards, after the case of Arnold Graphics Indus., Inc. v Independent Agent Ctr., Inc. (775 F2d 38 [1985]). The Second Circuit there held that
“[T]o find that a de facto merger has occurred there must be a continuity of the selling corporation, evidenced by the same management, personnel, assets and physical location; a continuity of stockholders, accomplished by paying for the acquired corporation with shares of stock; a dissolution of the selling corporation, and the assumption of liabilities by the purchaser” (775 F2d at 42, citing Ladjevardian v Laidlaw-Coggeshall, Inc., 431 F Supp 834, 839 [1977] [presumably these are not called the Ladjevardian criteria because Arnold is easier to remember]).
These four criteria — continuity of management, personnel and locale, continuity of ownership, dissolution of the original corporation and assumption of liabilities — remain the framework of discussion for de facto merger cases.
They are not always applied with equal strictness, and some New York courts have relaxed the Arnold criteria in tort and *487 strict products liability cases. Acquisition of intangible assets, such as goodwill, trademarks, customer lists, and so on, and the assumption of a corporate name suggesting a continuation of business, have been held relevant in these cases (see, e.g., Wensing v Paris Indus. N.Y., 158 AD2d 164 [1990] [in this case the current entity had purchased the assets of the prior one from the bankruptcy trustee]; see also, Sweatland v Park Corp., 181 AD2d 243 [1992]).
Although there is no indication that Xperius acquired Personic’s goodwill, enough other assets seem to have been passed to Xperius, albeit indirectly, for the case to be similar to Wensing. But this is not a tort case. The considerations relevant to tort liability are different from those involved in a contract case such as the one at bar. Commercial entities are especially able to consider possible business failure when negotiating contracts and are generally presumed to have considered loss allocation in drafting the terms of a contract. The purchaser of a product at retail, on the other hand, has little power to demand such provisions and is entitled to assume that products placed in the stream of commerce are safe to use.
No New York case of which this court is aware has loosened the Arnold standards in a contract case, and a recent decision of the United States District Court, construing New York law, has held that continuity of ownership, at the very least, should remain a strict requirement in contract cases (Cargo Partner AG v Albatrans Inc., 207 F Supp 2d 86 [SD NY 2002]). The court finds this reasoning persuasive, and considering that there is no support for a contrary holding in any appellate level contract case holds that the plaintiff must here show a question of fact as to ownership as well as the other Arnold criteria.
The plaintiff has failed to do so. There was no stock transfer, as Arnold requires. Instead, Xperius bought assets from a foreclosing creditor. There is, moreover, no indication that the funding or ownership of Xperius is identical to that of Personic. Xperius states that the ownership of the corporations is separate, and also lists the funding sources for both corporations. These, too, are entirely different. It is also worth noting that Sand Hill has loaned monies to Xperius, which would be unlikely if the funds were going to the same people on whom they had foreclosed. Finally, Personic still exists as a corporation, albeit one in bankruptcy with no remaining assets.
Plaintiff states that both the president and chief financial officer of Personic are now occupying identical positions at *488 Xperius. This says nothing about ownership. Furthermore, the current president of Xperius took his job with Personic just two months before the sale — a fact divulged in a newspaper article supplied by plaintiff. Since there is always some time lag involved in any foreclosure, it is difficult to interpret this management change as anything other than the first step in a takeover by the creditor. No implication can be drawn from this continuity, which at best is only nominal.
For this reason there is no basis for denying the motion so that plaintiff can pursue discovery on the identities of the officers and directors of Xperius. It is clear that the plaintiff had not and will not be able to prove key elements required for a finding of a de facto merger. The defendant is therefore entitled to an order dismissing the complaint, with costs, and its attorney may prepare an order accordingly.