GREGORY KOSS et al., Respondents, v LEACH COMPANY et al., Appellants, et al., Defendant. [776 NYS2d 590]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant Leach Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated January 30, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and the defendant Empire Equipment Sales Co., Inc., separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Leach Company which was for summary judgment

dismissing the fourth cause of action insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Gregory Koss allegedly was injured while emptying a container, or "dumpster," into a rear-loading sanitation truck using a mechanical container attachment system. The defendant Leach Company manufactured and installed the container attachment system on the truck and delivered the truck some five years before the accident and over eight years before this action was commenced to the defendant Theodore J. Burke & Sons, Inc. (hereinafter Burke & Sons). Burke & Sons, in turn, sold the truck to the injured plaintiff's employer. The plaintiffs commenced this action to recover damages, inter alia, based on negligence, strict products liability, failure to warn, and breach of warranty. The plaintiffs alleged that the defendant Empire Equipment Sales Co., Inc. (hereinafter Empire), was liable as a successor corporation to Burke & Sons.

Empire moved for summary judgment on the ground that it was not a successor corporation to Burke & Sons. It further argued that even assuming it was a successor corporation, it could not be held liable because it was not a "mere continuation" of Burke & Sons and did not assume Burke & Sons's liabilities or purchase its assets. Empire also argued that it could not be held liable because the plaintiffs failed to demonstrate any negligence on the part of Burke & Sons. Leach Company moved for summary judgment on the basis that the container attachment system was substantially modified after leaving its possession and control, and that the fourth cause of action to recover damages for breach of warranty was time-barred. The Supreme Court denied the motions.

Empire established its prima facie entitlement to judgment as a matter of law as to its successor liability, but the plaintiffs, in opposition, raised a triable issue of fact (*see Boz v Berger,* 268 AD2d 453 [2000]) as to whether Empire was a "mere continuation" of Burke & Sons such that it may be held liable for the alleged torts of Burke & Sons (*Burgos v Pulse Combustion,* 227 AD2d 295 [1996]; *DiGiaimo v City of White Plains,* 224 AD2d 382 [1996]; *cf. Schumacher v Richards Shear Co.,* 59 NY2d 239, 244-245 [1983]). Otherwise, Empire failed to establish, prima facie, that Burke & Sons was not liable for the alleged alteration of the container attachment system.

Leach Company failed to establish its entitlement to summary judgment on the causes of action to recover damages for negligence, strict products liability, and failure to warn. Thus,

the burden did not shift to the plaintiffs to oppose the motion with respect to these causes of action (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). In particular, there are triable issues of fact as to whether the container attachment system was missing certain safety components when it left the possession and control of Leach Company, whether the safety components were removed by a third party after the sanitation truck was sold to the injured plaintiff's employer, and whether Leach Company is liable for the failure to provide adequate warnings.

Accordingly, the Supreme Court properly denied the motions as to the causes of action to recover damages for negligence, strict products liability, and failure to warn (*cf. Gebo v Black Clawson Co.,* 92 NY2d 387, 392 [1998]; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 479 [1980]; *Patino v Lockformer Co.,* 303 AD2d 731, 732 [2003]).

By contrast, Leach Company made a prima facie showing of its entitlement to summary judgment dismissing the fourth cause of action to recover damages for breach of warranty, and the plaintiffs in opposition failed to raise a triable issue of fact with respect to this cause of action (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). The breach of warranty cause of action against Leach Company is time-barred (*see* UCC 2-725; *Heller v U.S. Suzuki Motor Corp.,* 64 NY2d 407, 411-412 [1985]; *Schrader v Sunnyside Corp.,* 297 AD2d 369, 371 [2002]). Thus, Leach Company's motion should have been granted to the extent of dismissing the fourth cause of action insofar as asserted against it. Florio, J.P., Smith, Crane and Rivera, JJ., concur.