09-1390-cv
Douglas v. Stamco

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

Present:
WILFRED FEINBERG,
JOHN M. WALKER, JR.,
ROBERT A. KATZMANN,
            *Circuit Judges*.

_____

RONNIE DOUGLAS,

        *Plaintiff-Appellant*,

                v.                                    No. 09-1390-cv

STAMCO, A DIVISION OF MONARCH MACHINE TOOL CO.,

        *Defendant*,

MONARCH MACHINE TOOL, AND MONARCH MACHINE TOOL, INC.,

        *Defendants-Cross-Claimants*,

HERR-VOSS STAMCO,

        *Defendant-Cross-Defendant*,

GENESIS WORLDWIDE II, INC.,

        *Defendant-Cross-Defendant-Appellee*.

_____

For Appellant:                              Anthony R. Martoccia, McMahon, Kublick & Smith,
                                            P.C., Syracuse, NY

For Appellee:                               David G. Klaber, Mark D. Feczko, Jared S. Hawk,
                                            K&L Gates LLP, Pittsburgh, PA; Kenneth M. Alweis,
                                            Lisa M. Robinson, Goldberg Segalla LLP, Syracuse,
                                            NY


Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

On October 10, 2008, the district court granted defendant's motion to dismiss for failure to plead successor liability and because public policy favored the extinguishing of plaintiff's claim after an asset sale pursuant to 11 U.S.C. § 363. Though plaintiff did not seek to amend the complaint at any time to include a claim of successor liability, the district court *sua sponte* denied leave to amend finding that any attempt would be futile. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review *de novo* the district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Staehr v. Hartford Fin. Servs. Group, Inc.*, 547 F.3d 406, 424 (2d Cir. 2008). We review the district court's denial of leave to amend for abuse of discretion. *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

"Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *N.Y. v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006). Therefore, successor liability attaches only where: "(1) [the successor] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere

2

continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *Id.* Plaintiff cannot demonstrate that any of these exceptions applies in this case and so cannot sustain a claim for successor liability against Genesis Worldwide II, Inc. ("Genesis II").

The parties appear to agree that neither the first nor the fourth exception applies. The two remaining exceptions—namely the de facto merger and mere continuation exceptions—though routinely listed separately, are often regarded as so similar as to be considered a single exception. *See Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 n.3 (2d Cir. 2003). The inquiry is whether "a transaction, although not in form a merger, is in substance a consolidation or merger of seller and purchaser." *Nat'l Serv. Indus.*, 460 F.3d at 209. Thus, to determine whether there has been a de facto merger, the Court considers whether there was: "(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation." *Id.* Though the Court examines all of the foregoing factors, "'continuity of ownership is the essence of a merger,'" *id.* at 211 (quoting *Albatrans*, 352 F.3d at 47), and therefore the exception cannot apply in its absence. *Id.* (extending the reasoning in *Albatrans* to tort claims). Indeed, in authorizing the asset sale in this case, the bankruptcy court explicitly stated that "[t]here is no common identity among the Purchaser and the Debtors' incorporators, officers, directors or material stockholders."[1] Moreover, to the extent that the mere continuation exception is considered distinct from the de facto merger exception, it also appears that the predecessor entity, Genesis

---

[1] Though defendant paid 15% of its common stock as part of the consideration for the sale, that was paid into a bank and never in the possession of the debtors.

Worldwide, Inc. ("Genesis I"), survived the asset sale as a bankrupt entity, which renders the mere continuation exception unavailable to breathe life into plaintiff's successor liability claim. *See Wensing v. Paris Indus. - N.Y.*, 158 A.D.2d 164, 167 (N.Y. App. Div. 1990) ("The record reveals that Paris Industries Corporation survived the asset transfer as a distinct corporation, albeit in bankruptcy. Under such circumstances, Leander cannot be cast as its mere continuation.").

The underlying public policy concerns implicated by this case also weigh in appellee's favor. Allowing the plaintiff to proceed with his tort claim directly against Genesis II would be inconsistent with the Bankruptcy Code's priority scheme because plaintiff's claim is otherwise a low-priority, unsecured claim. *See* 11 U.S.C. § 507(a); *see also In re Trans World Airlines, Inc.*, 322 F.3d 283, 292 (3d Cir. 2003) ("To allow the [plaintiff] to assert successor liability claims against [the purchaser] while limiting other creditors' recourse to the proceeds of the asset sale would be inconsistent with the Bankruptcy Code's priority scheme."). Moreover, to the extent that the "free and clear" nature of the sale (as provided for in the Asset Purchase Agreement ("APA") and § 363(f)) was a crucial inducement in the sale's successful transaction,[1] it is evident that the potential chilling effect of allowing a tort claim subsequent to the sale would run counter to a core aim of the Bankruptcy Code, which is to maximize the value of the assets and thereby maximize potential recovery to the creditors. *See Toibb v. Radloff*, 501 U.S. 157, 163 (1991) (recognizing that the Bankruptcy Code's general policy is "maximizing the value of the bankruptcy estate"); *see also Licensing by Paolo, Inc. v. Sinatra (In re Gucci)*, 126 F.3d 380, 387 (2d Cir. 1997) (stating that a sale pursuant to § 363 of the Bankruptcy Code "maximizes the

---

[1] The APA states: "The Purchaser would not enter into the Asset Purchase Agreement or consummate the Sale . . . if the Sale were not free and clear of all Liens and Claims . . . or if the Purchaser were or would be liable for any Excluded Liabilities."

purchase price of assets because without this assurance of finality, purchasers could demand a large discount for investing in a property that is laden with the risk of endless litigation as to who has rights to estate property"). In light of the foregoing, we conclude that the district court did not err in granting the defendants' Rule 12(b)(6) motion.

Moreover, because plaintiff is unable to substantiate a claim for successor liability under New York law, we also do not find that the district court abused its discretion in denying leave to amend the complaint for futility,[1] *see Holmes*, 568 F.3d at 334 ("Generally, [a] district court has discretion to deny leave [to amend] for good reason, including futility.") (internal quotation marks omitted) (alterations in original), particularly where the plaintiff initially failed to plead the cause of action and subsequently failed to seek leave to amend at any point in the underlying proceedings despite several obvious opportunities to do so.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Indeed, plaintiff admitted on the record that further discovery would not have altered the facts as already recited in the Sale Order, suggesting that amending the complaint would have been futile.

5