464

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered July 29, 2009, after a nonjury trial, awarding plaintiff the principal sum of $765,709 for misappropriation of corporate funds, unanimously affirmed, with costs.

This action arises from a stock certificate issued to plaintiff in 1985 for 140 shares (representing 70% ownership) of Madcat Realty Corporation (Madcat I), which was incorporated in the 1970s. The certificate was signed by Alvin Miot, president of Madcat, and defendant, as secretary-treasurer. Primarily at issue is whether those shares entitled plaintiff to a portion of proceeds from a 2005 sale of property made on behalf of a later incarnation of Madcat Realty Corporation (Madcat II), which was incorporated in 1986. There were no creditors, or anyone else entitled to or claiming the proceeds of this sale.

At some point after March 25, 1985, Madcat I was dissolved by the New York Secretary of State for failure to pay franchise taxes pursuant to Tax Law § 203-a. Madcat I did not pay the back taxes and become reinstated. A certificate of incorporation for Madcat II was filed on February 19, 1986.

The record supports the trial court's finding that Madcat II was primarily a reorganization of Madcat I, and was thus a "mere continuation" of Madcat I and liable for its obligations (see Schumacher v Richards Shear Co., 59 NY2d 239, 245 [1983]). The evidence established that as a practical matter, there was no formal transfer of assets from Madcat I to Madcat II because only one corporation existed after the dissolution and reincorporation of Madcat Realty Corporation. Alvin Miot, as president and sole decision-maker of both entities, continued the business of Madcat I through the incorporation of Madcat II, and was the only one benefitting from the assets of both Madcats.

Furthermore, the corporations shared an identical name and were engaged in substantially the same business—owning,

managing and collecting rents from New York City properties. From all outward appearances, there was only one Madcat entity. Therefore, the court correctly concluded that on balance, the evidence supported the finding that Madcat II was a mere continuation of Madcat I, and defendant should be estopped from asserting that the Madcats were distinct and separate entities (*see Burgos v Pulse Combustion*, 227 AD2d 295 [1996]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.