Tiny 1, Ltd. v Samfet Marble Inc. (2022 NY Slip Op 00025)





Tiny 1, Ltd. v Samfet Marble Inc.


2022 NY Slip Op 00025


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 651860/20 Appeal No. 14948 Case No. 2021-01837 

[*1]Tiny 1, Ltd., Formerly Known as Port Morris Tile & Marble Corp, et. al., Plaintiffs-Respondents,
v
Samfet Marble Inc., et al., Defendants-Appellants.


Becker, Glynn, Muffly, Chassin & Hosinski LLP, New York (Jesse T. Conan of counsel), for appellants.
Kennedy Berg LLP, New York (James W. Kennedy of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about April 2, 2021, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the amended complaint, unanimously affirmed, with costs.
The complaint in this action alleges, among other things, that defendants Georges Berberi and Matt Auerbach, both of whom are affiliated with defendant Samfet Marble Inc., sought to purchase plaintiff Tiny 1, Ltd., formerly known as Port Morris Tile & Marble Corp. (Old Port Morris), and schemed with other defendants to control Old Port Morris's financial operations while its sole owner, plaintiff Vincent DeLazzero, was ill. The complaint further alleges that Berberi and Auerbach fraudulently concealed wire transfers from Old Port Morris to Samfet; increased Old Port Morris's debt; denied DeLazzero timely access to Old Port Morris's books and records, which had been falsified by defendants James Coyle and Michael Giambra; and ultimately forced DeLazzero to sell Old Port Morris for far less than it was originally worth.
The motion court properly denied defendants' motion to dismiss, on statute of limitations grounds, the causes of action for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. Fraud was sufficiently pleaded and was essential to those causes of action, and therefore, a six-year limitations period applies (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]; Cusimano v Schnurr, 137 AD3d 527, 530 [1st Dept 2016]; Kaufman v Cohen, 307 AD2d 113, 119, 121 [1st Dept 2003]).
Plaintiffs properly stated breach of fiduciary duty claims against Berberi and Auerbach. Although a fiduciary relationship does not exist in an arms-length business transaction (Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491, 492 [1st Dept 2006]), the pleadings in this action allege unique circumstances that, when accepted as true, do not constitute an ordinary arms-length transaction. According to the complaint, DeLazzero was ill when the parties contemplated the sale; as a result, Auerbach and Berberi took over certain financial operations of Old Port Morris to complete due diligence before they bought the company. Thus, the complaint states, while they were acting as buyers, Auerbach and Berberi also became acting corporate officers of the selling company, creating a higher position of trust than ordinarily exists between buyers and sellers. Similarly, even assuming the more stringent standard of "but for" causation applies to plaintiffs' fiduciary duty claims, breach of fiduciary duty was sufficiently pleaded as to defendants Coyle and Giambra, as the complaint sufficiently alleges that plaintiff's damages were caused by their conduct in misstating or falsifying Old Port Morris's financial records (see LNC Investments, Inc. v First Fid. Bank, N.A. New Jersey, 173 F3d 454, 465-466 [2d Cir 1999]; Fieldstone, Inc. v Chapman, 284 AD2d 195, 195-196 [1st Dept 2001]).
As to the [*2]claim of aiding and abetting breach of fiduciary duty, the complaint alleges that defendant Michael Breslin substantially assisted in breaches of fiduciary duty by, among other things, attending a meeting at which DeLazzero was shown a false balance sheet, prepared by one of Breslin's subordinates at Breslin's behest, that artificially reduced the company's value by $9 million. The complaint therefore states a claim that by his conduct, Breslin substantially assisted the primary violators in, at a minimum, devaluing Old Port Morris so defendants could buy it at an artificially reduced price (see Schroeder v Pinterest Inc., 133 AD3d 12, 25 [1st Dept 2015]).
The complaint properly pleads jurisdiction over Samfet, a Canadian company, since it pleads that Samfet was directly involved in the conduct at issue over a period of years and committed a tortious act within the state through its agent, Berberi, thus conferring jurisdiction under CPLR 302(a)(2). Likewise, the complaint properly pleads jurisdiction over defendant Port Morris Tile & Marble Boston LP, as the successor in interest to Port Morris Tile & Marble LP (New Port Morris), the buyer of Old Port Morris (see Schumacher v Richards Shear Co., Inc., 59 NY2d 239, 245 [1983]; see also Winch v Yates Am. Mach. Co., 205 AD2d 1001, 1002 [3d Dept 1994], lv dismissed 84 NY2d 1027 [1995]). The complaint also properly alleges jurisdiction over defendants NYC Marble Acquisitions LP and New Port Morris by alleging that they aided and abetted the primary violators through the acts of their agents, including Berberi and Breslin (see Kirschner v KPMG LLP, 15 NY3d 446, 465 [2010]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022