Ormond v Weinstein (2025 NY Slip Op 04755)

Ormond v Weinstein

2025 NY Slip Op 04755

Decided on August 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 21, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 952107/23|Appeal No. 4017|Case No. 2024-05486|

[*1]Julia Ormond, Plaintiff-Respondent,
v
Harvey Weinstein, Defendant, Creative Artists Agency et al., Defendants-Appellants.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Loretta E. Lynch of counsel), for Creative Artists Agency, LLC, appellant.
Law Office of Kevin Mintzer, P.C., New York (Kevin Mintzer of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered August 19, 2024, which, to the extent appealed from, denied the motion of defendant Creative Artists Agency, LLC (CAA), to dismiss the complaint as against it, unanimously affirmed, without costs.[FN1]
Plaintiff, a well-known actress, brought this action under the Adult Survivors Act (CPLR 214-j) against film producer Harvey Weinstein, CAA, Disney, and Miramax, alleging that in 1995 Weinstein sexually assaulted her after a private business dinner. At the time, Weinstein was the cochairman of Miramax, which was a subsidiary of Disney, and CAA was plaintiff's United States-based talent agency. The purpose of the dinner, which was arranged by CAA, was to allow plaintiff to discuss Miramax's funding of one of plaintiff's film projects under a "first look" contract.
In support of her claim against CAA for negligence, plaintiff sufficiently pleaded a special relationship with CAA, giving rise to a duty of care (see Schumacher v Richards Shear Co., 59 NY2d 239, 246-247 [1983]). Plaintiff alleged that as her talent agency, CAA held a position of trust and confidence, and she relied upon CAA to provide her with accurate and truthful information about the motion picture industry (see Kimmell v Schaefer, 89 NY2d 257, 263-264 [1996]). Plaintiff also amply alleged that CAA had notice of Weinstein's propensity for sexually assaultive behavior.
The complaint pleads sufficient allegations to permit a jury to reasonably infer that CAA proximately caused plaintiff's injuries by failing to warn her about Weinstein before negotiating her contract with Miramax and arranging the private business dinner (see Scurry v New York City Hous. Auth., 39 NY3d 443, 450, 454 [2023]). Nor may Weinstein's conduct "serve as a superseding cause, and relieve [CAA] of responsibility, where the risk of [Weinstein's conduct] occurring is the very same risk which [allegedly] renders [CAA] negligent" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316 [1980]).
With respect to plaintiff's claim against CAA for breach of fiduciary duty, plaintiff alleged with sufficient particularity that CAA owed her fiduciary duties, had notice of Weinstein's proclivities for engaging in sexual harassment and sexual assault, and committed misconduct by failing to warn her of the danger he posed and arranging the private business meeting (see Besen v Farhadian, 195 AD3d 548, 549-550 [1st Dept 2021]; see also CPLR 3016[b]). Drawing every inference in plaintiff's favor, we find that the complaint sufficiently alleged, even under the more stringent direct causation standard advanced by CAA, that plaintiff would have avoided assault but for CAA's misconduct in failing to warn or protect her (see Tiny 1, Ltd. v Samfet Marble Inc., 201 AD3d 423, 424 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 21, 2025

Footnotes

Footnote 1: Defendants The Walt Disney Company (Disney) and Miramax Film NY, LLC (Miramax) separately moved to dismiss the complaint and appealed Supreme Court's simultaneous denial of their motions to this Court. On July 9, 2025 after oral argument, Disney and Miramax submitted an executed settlement agreement withdrawing their appeals. Accordingly, we do not address these defendants' arguments, as their appeals are now moot.