OPINION OF THE COURT
Chief Judge Cooke.
The legal doctrine that a successor corporation may be held liable for the torts of its predecessor does not prevent two companies from allocating risk for such injuries among themselves. Thus, the purchasing company here is not required to indemnify plaintiffs in the circumstances of this case.
*295 Plaintiffs are a defunct corporation, Holt Howard Associates, Inc., its major shareholders, and a partnership, Grant-Howard Associates, formed by two of the individual shareholders. The corporate business involved the importing and sale of housewares.
On July 15,1969, defendant General Housewares Corporation entered a “Reorganization Agreement” to purchase substantially all of Holt Howard’s corporate assets by transferring its own stock and assuming certain specified liabilities of Holt Howard. Specifically, in section 6(b), defendant “agree[d] to assume, perform and discharge (i) all of the obligations and liabilities of [Holt Howard] which exist at the Closing Date, except for such of those liabilities as are excluded from this assumption by the following Section 6(c),” which contained a general and specific enumeration of matters. No express reference was made to contingent tort liability. Section 13 of the Reorganization Agreement was a lengthy indemnification clause providing that: “in no event shall [defendant] be liable for any damages, claims, losses, liabilities or expenses (including legal and other expenses) with respect to any liabilities, obligations or other commitments not assumed by [defendant]”; and the plaintiff shareholders would hold defendant harmless for such liabilities and expenses. The closing was held on August 18, 1969, and Holt Howard was dissolved nine days later.
In 1974, Stephanie Pohl allegedly was injured after she drank juice from a ceramic pitcher that had been imported and sold by Holt Howard in 1967. She commenced two actions. One named Holt Howard, its shareholders, and Grant-Howard as defendants; the other moved against General Housewares as successor in interest to Holt Howard.
Plaintiffs commenced the present action seeking a declaration that, pursuant to the Reorganization Agreement, defendant had assumed liability for the Pohl injuries and that plaintiffs were entitled to indemnity for any and all funds expended for defending the Pohl suit and paying any judgment. Defendant answered and asserted counterclaims for common-law indemnity. On cross motions for *296 summary judgment, Special Term granted plaintiffs’ motion. That court discounted the import of the Reorganization Agreement by assessing the controversy as follows: “This issue transcends the intent of the parties to the business arrangement since the rights of an injured third party are involved and poses the question of whether as a matter of law the legal effect of the acquisition subjects the defendant General to liability to the third party in a product liability case” (Grant-Howard Assoc, v General Housewares Corp., 115 Misc 2d 704, 705). The court then concluded that defendant was a successor corporation to Holt Howard and, as such, had assumed Holt Howard’s liabilities as a matter of law. On that basis, the court ruled that plaintiffs were entitled to common-law indemnification. The Appellate Division affirmed, and this court granted defendant’s motion for leave to appeal.
Plaintiffs continue to argue that they must be indemnified in the Pohl lawsuit because defendant is liable to Pohl as a successor corporation. Although perhaps logically sound, plaintiffs’ argument fails as it commences with a faulty premise: that the doctrine of successor corporations is related to theories of indemnification.
Allowing recovery in tort against a successor corporation is merely an extension of the concept of products liability, which calls for the burden of consumer injuries to be borne by the manufacturer, who can transfer the costs to the general public as a component of the selling price. Strict liability assures that a responsible source is available to compensate the injured party. “A corporation may be held liable for the torts of its predecessor if (1) it expressly or impliedly assumed the predecessor’s tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations” (Schumacher v Richards Shear Co., 59 NY2d 239, 245). The second and third items are based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor’s liabilities as a concomitant to the benefits it derives from the good will purchased. This is *297 consistent with the desire to ensure that a source remains to pay for the victim’s injuries.
All of this, however, is irrelevant to the question of indemnification or liability as between the seller and purchaser. The precise issue here is the ordering of relations between the two contracting parties, not guaranteeing that some third party has recovery against a tort-feasor. A sale of assets does not vitiate the original company’s liability (see Business Corporation Law, § 1006); it may allow an injured plaintiff to proceed against a successor corporation (see Schumacher v Richards Shear Co., supra). In short, the injured party can elect to proceed against the defunct corporation, the successor corporation, or both. This right of election cannot be altered per se by the corporations. The companies can regulate how such liability will be allocated among themselves, but they cannot affect the rights of a stranger to their contract (see Texas & Pacific Ry. v Watson, 190 US 287, 293; Robins Dry Dock & Repair Co. v Navigazione Libera Triestina, S.A., 261 NY 455, 463, cert den sub nom. Moran Towing & Transp. Co. v Robins Dry Dock & Repair Co., 290 US 656; Brewer v New York, Lake Erie & Western R. R. Co., 124 NY 59; Buck u Standard Oil Co., 224 App Div 299, affd no opn 249 NY 595; Finegan v Piercy Contr. Co., 189 App Div 699).
By this analysis, it is unnecessary to decide defendant’s status as a successor corporation. Who must bear the ultimate burden of defending the Pohl suit and, if unsuccessful, paying the damages, is wholly dependent on the terms of the Reorganization Agreement. That contract included defendant’s assumption of existing liabilities. As Pohl was not injured until some five years later, this potential liability was excluded and so was not assumed by defendant.
Plaintiffs argue that defendant must bear the burden of the Pohl claim because it was a contingent liability at the closing date. They reason that the allegedly faulty ceramic pitcher was purchased before defendant acquired Holt Howard so that there was already the potential for a lawsuit. This is not persuasive. A tort action does not accrue until injury occurs (see Martin v Dierck Equip. Co., 43 NY2d 583, 591; Victorson v Bock Laundry Mach. Co., 37 *298 NY2d 395, 403). An uninjured party simply is not a “contingent liability” in the usual sense of that term (see, e.g., Black’s Law Dictionary [5th ed], p 291 [“A potential liability; e.g. pending lawsuit”]). There is no liability or claim before injury occurs. Granted that “contingency” invokes uncertain events, the uncertainty should be restricted to the success of asserting an existing claim, rather than expanding it to include the altogether unpredictable event that an injury will occur. Were plaintiffs’ position to be adopted, a purchaser would be unable to meaningfully limit its liability as every item ever sold by the predecessor would be a potential source of assumed liability. Thus, plaintiffs are not entitled to indemnity because the Pohl claim was not an existing liability at the time of closing.
Inasmuch as defendant’s counterclaims sought relief solely on the basis of common-law principles of indemnity, this court does not have occasion to determine whether defendant is entitled to indemnity under the Reorganization Agreement. As the lower courts never ruled on defendant’s counterclaims, which may involve questions of fact, the action must be returned for their consideration.
Accordingly, the order of the Appellate Division should be reversed, with costs; defendant’s answer should be reinstated; and the case should be remitted to Supreme Court, New York County, for entry of judgment in favor of defendant declaring that defendant has not assumed the liability of Holt Howard Associates, Inc., asserted herein, and for further proceedings in accordance with this opinion.
Judges Jasen, Jones, Meyer, Simons and Kaye concur; Judge Wachtler taking no part.
Order reversed, etc.