■ In the Matter of GEORGE WADE, Appellant-Respondent, v CITIBANK, N. A., Respondent, and SOUND MOVE AUTO PLAZA, INC., Respondent-Appellant.—In a proceeding pursuant to CPLR 5227 for a judgment requiring payment to a judgment creditor of a debt due to a judgment debtor, the petitioner George Wade appeals from so much of a judgment of the Supreme Court, Nassau County (Meade, J.), dated February 20, 1985, as dismissed the proceeding, and Sound Move Auto Plaza, Inc., cross-appeals from so much of said judgment as required money deposited in escrow by it to remain so deposited pending the outcome of an action which will determine the right to that money.

Judgment reversed insofar as appealed from by the petitioner, on the law, petition granted, the petitioner is awarded the principal sum of $73,107.29 against Sound Move Auto Plaza, Inc., and matter remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

Judgment affirmed insofar as appealed from by Sound Move Auto Plaza, Inc. No opinion.

The petitioner is awarded one bill of costs payable by Sound Move Auto Plaza, Inc.

This record discloses that Sound Move Auto Plaza, Inc. (hereinafter Auto Plaza), is a mere successor to Sound Move Motors, Ltd. (hereinafter Motors), the judgment debtor herein, and as such is responsible for Motors' liability to the petitioner *(see, Grant-Howard Assoc. v General Housewares Corp.,* 115 Misc 2d 704, 708-709, *affd* 97 AD2d 390, *revd on other grounds* 63 NY2d 291; *Knapp v North Am. Rockwell Corp.,* 506 F2d 361, 363-364). Further, Frank Scappatura, the sole stockholder of both Motors and Auto Plaza, operated both firms in such a way that it was apparent that Motors and Auto Plaza were nothing more than dummies used by him to conduct his own personal business, and may be disregarded as separate entities *(see, Pepper v Litton,* 308 US 295, 311; *Walkovszky v Carlton,* 18 NY2d 414, 418). Because the liability of Auto Plaza for the judgment debt of Motors due to the petitioner is an issue which has been resolved as a matter of law, there are no issues of fact in this proceeding, and Special Term was incorrect in not awarding the petitioner judgment on the merits. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur. [*See,* amended decision of June 2, 1986, 122 AD2d—.]