■ MICHAEL RING et al., Appellants-Respondents, v THE ELIZABETH FOUNDATION FOR THE ARTS, Respondent-Appellant, et al., Defendant. [25 NYS3d 173]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 11, 2014, which granted defendant Elizabeth Foundation for the Arts's (EFA) motion for summary judgment to the extent it sought to dismiss the mere continuation cause of action and denied the motion to the extent it sought to dismiss the de facto merger cause of action, and denied plaintiffs' motion for summary judgment on both causes of action, unanimously affirmed, with costs.

In July 2002, EFA—a not-for-profit corporation—purchased the assets of Printmaking Workshop, Inc. (PMW), another not-for-profit corporation (not a party to this action). The asset purchase agreement said, inter alia, "EFA has no legal obligation to pay past debts of PMW, but may elect to pay any vendors whose nonpayment would provide obstacles to the operations of" defendant Robert Blackburn Printmaking Workshop (RBPW), a program of EFA (as opposed to a distinct legal entity).

It is undisputed that, as of April 2, 2014, PMW was still registered as an active corporation with the New York State Department of State. Since PMW was not "extinguished" by the asset-purchase transaction, the mere continuation cause of action was correctly dismissed (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 245 [1983]).

In de facto merger, unlike mere continuation, "the dissolution criterion . . . may be satisfied, notwithstanding the selling corporation's continued formal existence, if that entity is shorn of its assets and has become, in essence, a shell" (*Matter of New York City Asbestos Litig.*, 15 AD3d 254, 257 [1st Dept 2005] [internal quotation marks omitted]). The court correctly found that issues of fact exist whether a de facto merger occurred here.

Of the four factors to be considered in determining whether a purchase-of-assets transaction can be deemed a de facto merger, the first is "continuity of ownership" (*New York City Asbestos*, 15 AD3d at 256). *New York City Asbestos*, which involved for-profit corporations, defined continuity of ownership as existing "where the shareholders of the predecessor corporation become direct or indirect shareholders of the successor corporation," and said that it was "a necessary element of any de facto merger finding" (*id.*). Not-for-profits such as EFA and PMW do not have owners (*see 64th Assoc., L.L.C. v Manhattan Eye, Ear & Throat Hosp.*, 2 NY3d 585, 590 [2004]).

However, de facto merger is "based on the concept that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits it derives from the good will purchased" (*Grant-Howard Assoc. v General Housewares Corp.*, 63 NY2d 291, 296 [1984]). Since otherwise a not-for-profit could never be held liable under the theory of de facto merger, we decline to apply the *New York City Asbestos* definition of continuity of ownership to not-for-profits. However, given our emphasis on the element of continuity of ownership in *New York City Asbestos*, we decline to find that this factor "is not applicable to nonprofit corporations" (*see Feld Entertainment Inc. v American Socy. for the Prevention of Cruelty to Animals*, 873 F Supp 2d 288, 324 [D DC 2012]). One approach to determining continuity of ownership in the nonprofit situation is to look at the boards of the nonprofits (*see Rogers-Duell v Ying-Jen Chen*, 42 Misc 2d 1226[A], 2014 NY Slip Op 50203[U], *4 [Sup Ct, Albany County 2014]). When EFA bought PMW's assets, its board consisted of five members, and PMW's consisted of three. Only one of EFA's directors was also a director of PMW, and he was inactive due to his advanced age. Under the circumstances, plaintiffs failed to establish continuity of "ownership."

Since, unlike for-profit corporations, nonprofits do not have owners, we hold that continuity of ownership is not a sine qua non of de facto merger of nonprofits, as it is for a finding of a de facto merger of for-profits (*see New York City Asbestos*, 15 AD3d at 256, 258, citing *Cargo Partner AG v Albatrans, Inc.*, 352 F3d 41, 46-47 [2d Cir 2003]). Thus, it is necessary to examine the other elements of de facto merger.

Plaintiffs satisfied the second and third elements, "cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction," and "the buyer's assumption of the liabilities ordinarily necessary for the uninterrupted continuation of the seller's business" (*see Matter of New York City Asbestos Litig.*, 15 AD3d 254, 256 [1st Dept 2005]). EFA's contention that plaintiffs failed to satisfy the third element due to the provision of the asset purchase agreement that said, "EFA has no legal obligation to pay past debts of PMW," is unavailing (*see Burgos v Pulse Combustion*, 227 AD2d 295, 296 [1st Dept 1996]).

Triable issues of fact exist as to the fourth element of de facto merger, "continuity of management, personnel, physical location, assets and general business operation" (*see New York City Asbestos*, 15 AD3d at 256). Continuity of management was contemplated but did not occur due to the death of PMW's

principal before RBPW opened; none of RBPW's employees previously worked for PMW; and there was no continuity of physical location between PMW and RBPW. On the other hand, there was continuity of general business operations; the relevant comparison here is between PMW and RBPW, not between PMW and EFA (*see Grant-Howard Assoc. v General Housewares Corp.*, 115 Misc 2d 704, 709 [Sup Ct, NY County 1982], *affd* 97 AD2d 390 [1st Dept 1983], *revd on other grounds* 63 NY2d 291 [1984]), and the differences identified by EFA were relatively minor. There is a triable issue of fact as to continuity of assets. Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.