■ ESTATE OF LORETTE JOLLES SHEFNER, Deceased, by and through its Executors, et al., Respondents, v GALERIE JACQUES DE LA BERAUDIERE et al., Appellants. YVES BOUVIER, Intervenor Defendant-Appellant. (And a Third-Party Action.) [50 NYS3d 269]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered October 24, 2016, which, to the extent appealed from as limited by the briefs, denied defendants' and intervenor defendant's motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendants failed to demonstrate that there were no triable issues of fact concerning ownership of the de Kooning painting and concerning successor liability. Defendants failed to provide a consignment agreement listing the painting at issue, and the documents produced do not show which entity purchased the painting. Moreover, plaintiffs provided evidence sufficient to raise a triable issue of fact concerning whether the painting was properly subject to attachment in connection with a default

judgment they obtained in a federal action, based on statements allegedly made by an employee with authority to speak and contradictory statements by defendants (*see DeSimone v City of New York*, 121 AD3d 420, 421-422 [1st Dept 2014]).

The record also reflected triable issues of fact concerning whether Galerie Jacques de la Beraudiere was the successor to Galerie Cazeau-Beraudiere (*see Schumacher v Richards Shear Co.*, 59 NY2d 239, 244-245 [1983]; *Ring v Elizabeth Found. for the Arts*, 136 AD3d 525, 527 [1st Dept 2016]). Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.