ARK265 Doe v Archdiocese of N.Y. (2023 NY Slip Op 05654)

ARK265 Doe v Archdiocese of N.Y.

2023 NY Slip Op 05654

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ.

Index No. 950297/20 Appeal No. 983 Case No. 2023-01428 

[*1]ARK265 Doe, Plaintiff- Respondent,
v
Archdiocese of New York et al., Defendants. Conventual Franciscans Also Known as Friars Minor Conventual etc., Defendant-Appellant.

Harrington, Ocko & Monk, LLP, White Plains (Allison J. Sanders of counsel), for appellant.
Jeff Anderson & Associates, P.A., New York (Nahid A. Shaikh of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered October 3, 2022, which denied so much of defendant's motion to dismiss the complaint of Ark 265 Doe (Doe 265) as untimely and/or dismissal of Doe 265's causes of action as to negligent training, supervision, and retention, unanimously affirmed, without costs.
Plaintiff's claims against the appealing defendant (defendant) were properly revived under CPLR 214-g. Even though the alleged sexual abuse occurred outside of New York, plaintiff was a New York resident at the time the action accrued, and defendant is also a New York resident (see Samuel W. v United Synagogue of Conservative Judaism, 219 AD3d 421 [1st Dept 2023]). The court also properly denied the motion to dismiss plaintiff's claims of negligent hiring, supervision, and retention. While defendant argues that plaintiff fails to allege specific facts that it had notice of the priest's criminal proclivities, at this pre-answer stage of the litigation, such information is in its the sole possession and control. Therefore, dismissal of these causes of action was properly denied on this ground as "facts essential to justify opposition may exist but cannot then be stated" (see G.T. v Roman Cath. Diocese of Brooklyn, New York, 211 AD3d 413 [1st Dept 2022]; CPLR 3211[d]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023