Ark 357 Doe v Jesuit Fathers & Bros. (2023 NY Slip Op 05975)

Ark 357 Doe v Jesuit Fathers & Bros.

2023 NY Slip Op 05975

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, JJ. 

Index No. 950437/20, 950438/20, 950357/20 Appeal No. 1062-1063-1064 Case No. 2022-05476, 2022-05485, 2023-00047 

[*1]Ark 357 Doe, Plaintiff-Respondent,
v
Jesuit Fathers And Brothers Doing Business as The New York Province of The Society Of Jesus Also Known as U.S.A. Northeast Province of The Society Of Jesus, Defendant-Appellant, Does 1-5 etc., Defendants.
Ark 358 Doe, etc., Plaintiff-Respondent,
v
Jesuit Fathers And Brothers Doing Business as The New York Province of The Society Of Jesus Also Known as U.S.A. Northeast Province of The Society Of Jesus, Defendant-Appellant, Does 1-5 etc., Defendants.
Colleen O'hara Carney, Plaintiff-Respondent,
v
Jesuit Fathers and Brothers etc., Defendant-Appellant, J. Peter Conroy et al., Defendants.

Rivkin Radler LLP, Uniondale (Merril S. Biscone of counsel), for appellants.
Jeff Anderson & Associates PA, New York (Nahid A. Shaikh of counsel), for respondents.

Orders, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about October 31, 2022 and on or about December 12, 2022, which, to the extent appealed from, denied defendant-appellant's motions to dismiss plaintiffs' causes of action alleging negligent training and supervision and negligent retention, unanimously affirmed, without costs.
The court properly denied appellants' motions to dismiss plaintiffs' causes of action alleging negligent training and supervision and negligent retention arising from the allegations that plaintiffs were sexually abused as children by priests they met while involved in youth programs. Plaintiffs allege that appellants knew or should have known of the priests' dangerous propensities. While appellants argue that plaintiffs fail to allege specific facts that they had notice of the priests' criminal proclivities, at this pre-answer stage of the litigation, such information is in the sole possession and control of appellants. Therefore, dismissal of these causes of action was properly denied on this ground as "facts essential to justify opposition may exist but cannot then be stated" (see CPLR 3211 [d]; G.T. v Roman Catholic Diocese of Brooklyn, N. Y., 211 AD3d 413 [1st Dept 2022]). The court also correctly denied appellants' motions to dismiss pursuant to CPLR 3211(a)(5). To the extent plaintiffs were required to do so, they adequately pled entitlement to file these actions under CPLR 214-g by alleging conduct that would constitute a violation of at least one section of Penal Law article 130 and/or § 263.05 (see Doe v Archdiocese of New York, __ AD3d __, 2023 NY Slip Op 05654 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023