SHC-MG-25 Doe v Archdiocese of N.Y. (2024 NY Slip Op 00285)

SHC-MG-25 Doe v Archdiocese of N.Y.

2024 NY Slip Op 00285

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 950743/20 Appeal No. 1237 Case No. 2023-00736 

[*1]SHC-MG-25 Doe, Plaintiff-Respondent,
v
Archdiocese of New York et al., Defendants, New York Athletic Club of the City of New York, Defendant-Appellant.

Pillsbury Winthrop Shaw Pittman LLP, New York (James M. Catterson of counsel), for appellant.
Simmons Hanly Conroy LLP, New York (Richard Lee Kroeger of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered February 2, 2023, which denied defendant New York Athletic Club of the City of New York's (NYAC) motion to dismiss the complaint as against it, unanimously affirmed, without costs.
Plaintiff alleges that he was sexually abused by his parish priest when the priest took plaintiff and other minors to NYAC in 1975. Plaintiff was approximately 13 years old at the time. Plaintiff alleges that defendants, including NYAC, knew or should have known of the priest's predatory behavior. While NYAC argues that plaintiff fails to allege specific facts that it had notice of the priest's pedophilia, at this pre-discovery stage these allegations sufficed to put NYAC on notice of his claim, particularly that it knew or should have known about the priest's predatory conduct while at NYAC's facilities (see generally G.T. v Roman Catholic Diocese of Brooklyn, N.Y., 211 AD3d 413 [1st Dept 2022]; Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410 [1st Dept 2021]). Given the lengthy elapse of time from the alleged sexual assault, and the age of plaintiff at the time of the alleged assault, information concerning notice may be in the sole possession and control of NYAC (see Ark265 Doe v Archdiocese of New York, 221 AD3d 422 [1st Dept 2023]).
We have considered NYAC's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024