| **AG1 Doe v Morris** |
| :---: |
| 2024 NY Slip Op 33578(U) |
| September 27, 2024 |
| Sup Ct, NY County |
| Docket Number: Index No. 950549/2020 |
| Judge: Alexander M. Tisch |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ALEXANDER M. TISCH                    PART    18
                          *Justice*

-------------------------------------------------------------------X

AG1 DOE,

                                        Plaintiff,

                    - v -

GEORGE MORRIS, THE UNITED STATES EQUESTRIAN
FEDERATION, INC., TOPPING RIDING CLUB, INC., DOES
1-5 WHOSE IDENTITIES ARE UNKNOWN TO PLAINTIFF

                          Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NUMBER | 950549/2020 |
| MOTION DATE | 11/20/2020, 12/17/2020, 01/05/2021, 03/11/2021 |
| MOTION SEQ. NUMBER | 002 003 004 005 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 53, 60, 61, 63, 65, 66, 67, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 139, 147

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 48, 49, 50, 51, 62, 64, 68, 69, 70, 137, 138, 143, 144

were read on this motion to/for                    DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 55, 56, 57, 58, 59, 92, 149, 151, 153, 154, 155, 164, 165, 166, 167, 168, 169

were read on this motion to/for                    CHANGE VENUE                    .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 140, 148, 150

were read on this motion to/for                    AMEND CAPTION/PLEADINGS                    .

Plaintiff commenced the instant action seeking to recover damages for personal injuries

sustained as a result of alleged sexual abuse by defendant George Morris ("Morris"), who

plaintiff alleges was an employee or agent or representative of defendant United States

Equestrian Federation, Inc. (the "Federation"), the current national governing body for the

equestrian sport, and defendant Topping Riding Club, Inc. ("Topping"), an equestrian riding club

and facility in Sagaponack, New York. Plaintiff alleges Morris sexually abused him during a

training clinic for Federation members hosted by Topping in April of 1978, when plaintiff was

seventeen years old. Plaintiff further alleges the Federation is the successor to American Horse Shows Association, Inc. ("AHSA"), the national governing body for the equestrian sport during the time of the alleged abuse.

Plaintiff asserts causes of action for 1) sexual battery against Morris; 2) negligence against all defendants; and 3) negligent supervision/failure to warn against the Federation, Topping, and Does 1-5, unknown individuals whom plaintiff asserts share legal responsibility for the alleged unlawful conduct that caused plaintiff's injuries. The Federation and Morris each move to dismiss (Motion Sequence Numbers 002 and 003). Morris also moves to change venue (Motion Sequence Number 004). Plaintiff moves for leave to amend the complaint (Motion Sequence Number 005). The Court will address each motion in turn.

## I.  THE FEDERATION'S MOTION TO DISMISS (MOTION SEQUENCE NUMBER 002)

In Motion Sequence Number 002, the Federation moves to dismiss plaintiff's complaint pursuant to CPLR §§ 3211(a)(1) and (a)(7). Plaintiff's cross-motion was withdrawn (NYSCEF Doc. No. 113).

### A. Documentary Evidence

A motion to dismiss a complaint based upon documentary evidence pursuant to CPLR § 3211(a)(1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Not every piece of evidence in the form of a document is properly deemed "documentary evidence." It is well established that "judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (*Fontanetta v Doe*, 73 AD3d 78, 84-85 [2d Dept 2010] [internal quotation marks omitted]; *Amsterdam Hosp. Grp., LLC v Marshall-Alan Assocs., Inc.*, 120 AD3d 431, 432 [1st Dept 2014] ["To qualify as documentary, the paper's content must be essentially undeniable and … , assuming the verity of [the paper] and validity of its execution, will itself support the ground on which the motion is based"] [internal quotation marks omitted]). "On a motion to dismiss pursuant to CPLR 3211, the court must accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion" (*Engelman v Rofe*, 194 AD3d 26, 33 [1st Dept 2021]).

950549/2020   DOE, AG1 vs. MORRIS, GEORGE
Motion Sequence Numbers 002 003 004 005

Page 2 of 13

2 of 13

Plaintiff's complaint alleges the Federation is the successor of AHSA, the previous national governing body for the equestrian sport (Complaint, NYSCEF Doc. No. 001, at ¶¶ 17, 20, 28). Specifically, plaintiff's complaint alleges a 2003 merger between USA Equestrian, Inc. and the United States Equestrian Team, the American Olympic team for the equestrian sport, led to the formation of the Federation. While "[i]t is the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor" (*Highland Crusader Offshore Partners, L.P. v Celtic Pharma Phinco B.V.*, 205 AD3d 520, 522 [1st Dept 2022] [internal quotation marks omitted], quoting *Schumacher v Richards Shear Co.*, 59 NY2d 239, 244 [1983]), "[e]xceptions exist where the corporation impliedly assumed its predecessor's liability, there was a consolidation or merger of seller and purchaser, or the transaction is entered into fraudulently to escape the predecessor's obligations" (*Oorah, Inc. v Covista Commc'ns, Inc.*, 139 AD3d 444, 445 [1st Dept 2016] [internal quotation marks and citation omitted], quoting *Schumacher*, 59 NY2d at 245).

The Federation first argues it cannot be held liable for plaintiff's alleged abuse because the Federation was formed in 2003, twenty-five years after the alleged abuse took place. The Federation also denies a merger took place and submits documents to show that the Federation, USA Equestrian Inc., and the United States Equestrian Team have been and continue to exist today as separate, distinct, and active entities. As its proposed documentary evidence, the Federation submits a certificate of incorporation for the Federation (Certificate of Incorporation, attached as Exhibit A to Carton Aff., NYSCEF Doc. No. 30), and a printout from the New York State Department of State website which shows the Federation's entity status as active (Printout NYDOS Corporation Entity Database, attached as Exhibit B to Carton Aff., NYSCEF Doc. No. 31). The Federation also submits several documents pertaining to non-party USA Equestrian Trust, Inc. (the "Trust"), which was previously named USA Equestrian, Inc., and before that, was named the AHSA, the national governing body for the equestrian sport at the time of the alleged abuse (*see* Exhibits C-H, attached to Carton Aff., NYSCEF Doc. Nos. 32-37).

In opposition, plaintiff acknowledges no formal merger between USA Equestrian, Inc., and the United States Equestrian Team took place to create the Federation. Instead, plaintiff now alleges a de facto merger led to the formation of the Federation.

The de facto merger doctrine provides "that a successor that effectively takes over a company in its entirety should carry the predecessor's liabilities as a concomitant to the benefits

950549/2020 DOE, AG1 vs. MORRIS, GEORGE
Motion Sequence Numbers 002 003 004 005

Page 3 of 13

it derives from the good will purchased" (*Abreu v Barkin & Assocs. Real Est., LLC*, 136 AD3d 600, 602 [1st Dept 2016] [internal quotation marks omitted], quoting *Grant-Howard Assoc. v General Housewares Corp.*, 63 NY2d 291, 296 [1984]). To determine whether a de facto merger has occurred, courts analyze the following factors: "(1) continuity of ownership; (2) cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction; (3) the buyer's assumption of the liabilities ordinarily necessary for the uninterrupted continuation of the seller's business; and (4) continuity of management, personnel, physical location, assets and general business operation" (*Matter of New York City Asbestos Litig.*, 15 AD3d 254, 256 [1st Dept 2005]). A de facto merger finding does not necessarily require the presence of all of the factors (*id.*). Additionally, the court's analysis is flexible, not focused on mere form, and "asks whether, in substance, it was the intent of the successor to absorb and continue the operation of the predecessor" (*AT & S Transp., LLC v Odyssey Logistics & Technology Corp.*, 22 AD3d 750, 752 [2d Dept 2005]). In looking at a non-profit, "[s]ince, unlike for-profit corporations, nonprofits do not have owners, …, continuity of ownership is not a sine qua non of de facto merger of nonprofits, as it is for a finding of a de facto merger of for-profits" (*Ring v Elizabeth Foundation for Arts*, 136 AD3d 525, 527 [1st Dept 2016]). "One approach to determining continuity of ownership in the nonprofit situation is to look at the boards of the nonprofits" (*id.*).

Plaintiff submits several documents that support his argument of a de facto merger between the Federation and its predecessor[s] (*see* Exhibits C-R, attached to Reck Aff., NYSCEF Doc. Nos. 96-111). Plaintiff contends the Federation assumed all responsibilities from AHSA and USA Equestrian. Inc., including all disciplinary matters and the membership roll of USA Equestrian, Inc., when the Federation formed in 2003 (Proposed Amended Summons and Complaint, attached as Exhibit A to Reck Aff., NYSCEF Doc. No. 94, at ¶ 29). Plaintiff further alleges the Federation absorbed approximately twenty-four officers and directors, and significant assets, from USA Equestrian, Inc. in 2003 and 2004 (*id.* at ¶¶ 31-32). Lastly, plaintiff alleges USA Equestrian, Inc., underwent a liquidation, dissolution, termination, or substantial contraction during 2003 (*id.* at ¶ 33).

The documentary evidence submitted by the Federation does not conclusively prove there was no de facto merger (*Shea v Salvation Army*, 169 AD3d 1081, 1083 [2d Dept 2019]; *see also Dutton v Young Men's Christian Ass'n of Buffalo Niagara*, 207 AD3d 1038, 1045 [4th Dept

950549/2020 DOE, AG1 vs. MORRIS, GEORGE
Motion Sequence Numbers 002 003 004 005

Page 4 of 13

2022], *lv to appeal denied*, 210 AD3d 1456 [4th Dept 2022]). The documents merely show when the Federation and non-party Trust were founded. Their simultaneous existence does not preclude the possibility of the Federation's liability for the torts of its predecessor(s). This portion of the motion fails because the documentary evidence submitted by the Federation does not "utterly refute" plaintiff's allegation that the Federation is a successor to AHSA through a de facto merger and is liable for the torts of its predecessor(s).

## B. Failure to State a Claim

In the same motion, the Federation also moves to dismiss plaintiff's two claims against it pursuant to CPLR § 3211(a)(7) for failure to state a cause of action for which relief can be granted. In a motion to dismiss pursuant to CPLR § 3211(a)(7), a court determines "whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*African Diaspora Maritime Corp. v Golden Gate Yacht Club*, 109 AD3d 204, 211 [1st Dept 2013]; *Siegmund Strauss, Inc. v East 149th Realty Corp.*, 104 AD3d 401, 402-03 [1st Dept 2013]). The standard on a motion to dismiss a pleading for failure to state a cause of action is not whether the party has artfully drafted the pleading, but whether deeming the pleading to allege whatever can be reasonably implied from its statements, and accepting all factual allegations as true, a cause of action can be sustained (*see Stendig, Inc. v Thorn Rock Realty Co.*, 163 AD2d 46, 48 [1st Dept 1990]; *Leviton Manufacturing Co., Inc. v Blumberg*, 242 AD2d 205, 208 [1st Dept 1997]).

Plaintiff asserts two negligence claims against the Federation, one alleging a failure to protect, the other alleging a failure to supervise. "In order to establish a claim for negligence, a plaintiff must show that the defendant owed the plaintiff a duty and breached that duty, and that the breach proximately caused the plaintiff harm" (*Katz v United Synagogue of Conservative Judaism*, 135 AD3d 458, 459 [1st Dept 2016]). "In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman*, 40 NY2d 781, 782 [1976]). "The question of whether a defendant owes a legally recognized duty of care to a plaintiff is the threshold question in any negligence action, and it is a legal question for the court" (*On v BKO Exp. LLC*, 148 AD3d 50, 53-54 [1st Dept 2017] [internal quotation marks and citation omitted]).

There is generally no duty to control the harm-producing conduct of a third party (i.e., the tortfeasor) absent a special relationship either between the defendant and the plaintiff or the

defendant and the tortfeasor (*see Pulka,* 40 NY2d at 783). "The key ... is that the defendant's relationship with either the tortfeasor or the plaintiff places the defendant in the best position to protect against the risk of harm" (*Hamilton v Baretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001]). "[A] duty of care may arise where a special relationship exists between the defendant and the plaintiff that requires the defendant to protect the plaintiff from the conduct of others" (*Moskowitz v Masliansky*, 198 AD3d 637, 639 [2d Dept 2021]). Examples of special relationships include employers and employees, parents and children, and common carriers and their patrons (*id.* at 640).

The Federation first argues the complaint fails to allege defendants owed plaintiff a duty of care. This argument fails. The complaint adequately alleges the defendants owed plaintiff a direct duty of care by offering and accepting plaintiff's participation in programs and activities for youth riders, accepting custody of plaintiff, or that they otherwise had a special relationship with plaintiff, through their alleged control of Morris's access to children. The court is required to accept these allegations as true (*Engelmann*, 194 AD3d at 33-34). Therefore, defendants were "under a duty to adequately supervise" plaintiff and may "be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Such "foreseeable injuries" are adequately alleged to survive a motion to dismiss. Moreover, discovery from defendants is likely to shed light on this issue and others (*see Doe v Intercontinental Hotels Group, PLC*, 193 AD3d 410, 411 [1st Dept 2021]).

Plaintiff also alleges a negligent failure to supervise Morris. That claim is independent of the prior claim. To state a claim for negligent hiring, retention or supervision under New York law, a plaintiff must also plead 1) the existence of an employee-employer relationship; 2) "that the employer knew, or should have known, of the employee's propensity for the sort of conduct which caused the injury" (*Sheila C. v Povich*, 11 AD3d 120, 129-130 [1st Dept 2004]); and 3) "a nexus or connection between the defendant's negligence in hiring and retaining the offending employee and the plaintiff's injuries" (*Roe v Dom. & Foreign Missionary Socy. of the Prot. Episcopal Church*, 198 AD3d 698, 701 [2d Dept 2021]). "The negligence of the employer . . . arises from its having placed the employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in making its decision concerning the hiring and retention of the employee" (*Sheila C.*, 11 AD3d at 129); *see Roe*, 198 AD3d at 700-701, quoting *Johansmeyer v New York City Dept. of Educ.*, 165 AD3d 634,

950549/2020 DOE, AG1 vs. MORRIS, GEORGE
Motion Sequence Numbers 002 003 004 005

Page 6 of 13

634-37 [2d Dept 2018]). Thus, "the duty of care in supervising an employee extends to any person injured by the employee's misconduct" (*Waterbury v New York City Ballet, Inc.*, 205 AD3d 154, 162 [1st Dept 2022]).

Plaintiff alleges Morris was either employed by or was an agent of one or more of the defendants, that defendants knew or should have known of Morris's propensity to sexually abuse minors, and that defendant's negligent failure to supervise and investigate Morris and warn plaintiff and his family about Morris's sexually abusive and exploitative tendencies led to plaintiff's injuries. "[G]reater specificity is not required at this pre-answer stage in the litigation" (*see Ark 55 v Archdiocese of N.Y.*, 222 AD3d 572, 572 [1st Dept 2023]). Accordingly, the Court finds plaintiff's complaint adequately alleges the necessary duty of care for a negligent supervision claim to survive a motion to dismiss.

The Federation further argues the complaint insufficiently pleads the prior notice element required for plaintiff's negligent supervision claim. Plaintiff alleges throughout his complaint that defendants the Federation, Topping, and Does 1-5 knew or should have known of Morris's propensity to sexually abuse minors. As discussed above, specificity is not required to survive a motion to dismiss. Further, the supporting facts may currently be in the possession of the defendants and cannot now be stated (*Doe v Archdiocese of New York*, 221 AD3d 422, 422-23 [1st Dept 2023]). Therefore, the complaint adequately alleges the Federation, as the purported successor to USA Equestrian, Inc., knew or should have known of Morris's propensity to sexually abuse minors.

The Federation also argues that both negligence claims should be dismissed to the extent they are based upon vicarious liability, contending "an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business" (*D.T. v Sports & Arts in Schs. Found., Inc.*, 193 AD3d 1096, 1097 [2d Dept 2021]). It is well settled that sexual assault is not in furtherance of a defendant's business and cannot be considered as being within the scope of employment (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251-52 [2002]). Therefore, to the extent plaintiff's negligence causes of action are based on vicarious liability, they fail. However, "the employer may still be held liable under theories of negligent hiring and retention of the employee" (*D.T.*, 193 AD3d at 1097; *Waterbury*, 205 AD3d at 162).

950549/2020 DOE, AG1 vs. MORRIS, GEORGE
Motion Sequence Numbers 002 003 004 005

Page 7 of 13

Accordingly, the portion of the Federation's motion to dismiss plaintiff's complaint for failure to state a claim pursuant to CPLR § 3211(a)(7) is granted in part and denied in part.

## II. MORRIS'S MOTION TO DISMISS (MOTION SEQUENCE NUMBER 003)

In Motion Sequence Number 003, Morris moves to dismiss plaintiff's complaint pursuant to CPLR §§ 3211(a)(5) and (a)(7).

### A. Constitutionality of the Child Victims Act

In the portion of the motion asserting the running of the statute of limitations, Morris argues the Child Victims Act ("CVA") and its claim revival provision violate the due process and equal protection clauses of the New York State and United States Constitutions and therefore this action is time barred. Since the filing of the instant motion, numerous state and federal courts have found the CVA does not violate the New York and United States Constitutions (*Forbes v Poly Prep Country Day School*, 220 AD3d 750, 752-53 [2d Dept 2023]; *Samuel W. v United Synagogue of Conservative Judaism*, 219 AD3d 421, 422 [1st Dept 2023]; *Giuffre v Andrew*, 579 F Supp 3d 429, 455 [SD NY 2022]; *Farrell v United States Olympic & Paralympic Committee*, 567 F Supp 3d 378, 391-93 (ND NY 2021) [collecting cases]; *Matarazzo v CHARLEE Family Care, Inc.*, 218 AD3d 941, 944 [3d Dept 2023]). As the CVA has repeatedly been found to be constitutional, the portion of Morris's motion to dismiss the complaint on the ground that the statute of limitations has run fails.

### B. Failure to State a Claim

Morris also moves to dismiss the complaint pursuant to CPLR § 3211(a)(7), arguing the complaint fails to state a negligence claim against him as that claim is based on the same alleged conduct underlying plaintiff's cause of action for sexual battery against Morris. In opposition, plaintiff argues the negligence claim against Morris is pled in the alternative. "The notion that a plaintiff cannot plead multiple causes of action premised on the same underlying facts and circumstances is inconsistent with CPLR 3014's invitation to plead in the alternative" (*Brown v Riverside Church in City of New York*, – NYS3d –, 2024 NY Slip Op 03927, *4 [1st Dept 2024]). "At this early stage of the action, plaintiff should not be deprived of the opportunity to pursue an alternative, cognizable claim, provided it is adequately pleaded" (*id.*). Therefore, the portion of Morris's motion to dismiss plaintiff's negligence claim against him also fails.

**950549/2020   DOE, AG1 vs. MORRIS, GEORGE**
**Motion Sequence Numbers 002 003 004 005**

**Page 8 of 13**

8 of 13

### C. Strike Prejudicial Material

Morris also argues that certain allegations throughout the complaint are scandalous and prejudicial and should be stricken pursuant to CPLR § 3024(b). Pursuant to CPLR § 3024(b), "the inquiry is whether the purportedly scandalous or prejudicial allegations are relevant to a cause of action" (*Soumayah v Minnelli*, 41 AD3d 390, 392 [1st Dept 2007]). "Matters that are unnecessary to the viability of the cause of action and would cause undue prejudice to defendants should be stricken from the pleading or bill of particulars" (*Irving v Four Seasons Nursing & Rehabilitation Ctr.*, 121 AD3d 1046, 1048 [2d Dept 2014]).

Morris specifically objects to paragraphs 1, 5, 7-8, 48-52, and 57-58, contending that plaintiff's reference to Morris's purported proclivities for sexual relationships with young boys is scandalous and prejudicial. These paragraphs will not be stricken from the complaint as they include allegations that are relevant to plaintiff's claim that defendants knew or should have known of Morris's propensity to sexually abuse minors (*see Pisula v Roman Catholic Archdiocese of N.Y.*, 201 AD3d 88, 110-11 [2d Dept 2021]). Morris also objects to paragraphs 9-11, 32-36, 39-47, 53-56, 59-62, and 82-96, on the grounds that the discussion of the SafeSport investigation into the sexual abuse of plaintiff and another minor by Morris is also prejudicial and should be stricken. Plaintiff's discussion of the SafeSport investigation is unnecessary to the viability of plaintiff's claims in this action and is therefore prejudicial and will be stricken (*see Pisula*, 201 AD3d at 110-11).

Accordingly, the portion of Morris's motion to strike prejudicial material from the complaint is granted in part, and the references to the SafeSport investigation as written in the complaint are hereby stricken. The motion is otherwise denied.

### III. MORRIS'S MOTION TO CHANGE VENUE (MOTION SEQUENCE NUMBER 004)

In Motion Sequence Number 004, Morris moves to transfer this action to Suffolk County, New York pursuant to CPLR §§ 510(1) and 511. Morris argues New York County is not the proper venue for this action as 1) plaintiff admits Suffolk County is the proper venue (citing Complaint at ¶¶ 22-24); 2) venue cannot be properly based on the Federation's residence in New York County if it is dismissed from this suit; and 3) Suffolk County is where the alleged abuse took place. In opposition, plaintiff contends venue is proper in New York County as the Federation was domiciled in New York County at all relevant times. Plaintiff further argues his

**950549/2020  DOE, AG1 vs. MORRIS, GEORGE**
**Motion Sequence Numbers 002 003 004 005**

**Page 9 of 13**

[* 9]

9 of 13

reference to Suffolk County as the proper venue in his complaint is a scrivener's error, and insufficient to demonstrate that venue in New York County is improper.

"On a motion to change venue, pursuant to CPLR 510 (1), defendant's burden ... is ... establishing that the designated county is improper" (*IME Watchdog, Inc. v Baker, McEvoy, Morrissey & Moskovits, P.C.*, 145 AD3d 464, 465 [1st Dept 2016] [internal quotation marks omitted]). Here, venue is proper in New York County as the Federation and its purported predecessor, USA Equestrian, Inc., have been domiciled in New York County at all relevant times (*see* Restated Certificate of Incorporation of USA Equestrian, Inc., attached as Exhibit 1 to Reck Aff., NYSCEF Doc. No. 166). Additionally, plaintiff's reference to Suffolk County in the complaint is insufficient to demonstrate that venue in New York County is improper (CPLR § 503[a]; *see New York Marine & Gen. Ins. Co. v Wesco Ins. Co.*, 213 AD3d 461, 462 [1st Dept 2023]). Accordingly, Morris's motion to change venue is denied.

## IV. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (MOTION SEQUENCE NUMBER 005)

In Motion Sequence Number 005, plaintiff moves for leave to amend the complaint pursuant to CPLR §§ 3025(b) and 1002(b). Plaintiff argues an amended complaint is necessary to 1) join USA Equestrian Trust, Inc. (the "Trust") as a defendant to this action; 2) add facts regarding the Trust as a successor to the AHSA; and 3) correct the reference in the complaint to Suffolk County as the proper venue for this action.

"In the absence of prejudice or surprise to the opposing party, a motion for leave to amend the complaint pursuant to CPLR 3025 (b) should be freely granted unless the proposed amendment is "palpably insufficient" to state a cause of action or is patently devoid of merit" (*Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2d Dept 2008]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2d Dept 2007]). As for adding a defendant to an action, CPLR § 1002(b) provides "[p]ersons against whom there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences, may be joined in one action as defendants if any common question of law or fact would arise" (CPLR § 1002[b]).

The Federation does not oppose the portion of plaintiff's motion to add the Trust as a defendant to this action. However, the Federation argues plaintiff's proposed amended

950549/2020 DOE, AG1 vs. MORRIS, GEORGE
Motion Sequence Numbers 002 003 004 005

Page 10 of 13

complaint is patently devoid of merit as it cannot remedy the purported fatal defects in the complaint. As the Court has already addressed the Federation's arguments in opposition to the complaint, *supra*, the Court finds that plaintiff's proposed amended complaint is not palpably insufficient to state a cause of action or patently devoid of merit. No other parties have opposed plaintiff's motion. Further, there is no indication that prejudice would result from the late addition of the Trust to this action, as it already has knowledge of the claims against it, having been sued by plaintiff in a later filed action, *AG1 Doe v USA Equestrian Trust, Inc., Does 1-5*, Index No. 951291/2021, and discovery has not yet commenced in either action (*see Brown v 3392 Bar Corp.*, 2 AD3d 324, 325 [1st Dept 2003]). As there is no showing of prejudice or undue delay, plaintiff's motion for leave to amend is granted (*see Glob. Liberty Ins. Co. v Tyrell*, 172 AD3d 499, 500 [1st Dept 2019]).

## V. CONCLUSION

For the reasons discussed above, it is hereby

ORDERED that the Federation's motion (Motion Sequence Number 002) to dismiss the complaint pursuant to CPLR §§ 3211(a)(1) and (a)(7) is DENIED; and it is further

ORDERED that Morris's motion (Motion Sequence Number 003) is GRANTED IN PART and DENIED IN PART. The portion of the motion seeking to strike prejudicial material is granted to the extent it seeks to strike discussion of the SafeSport investigation, other than Morris's actions which are the subject of this suit, and the motion is otherwise denied; and it is further

ORDERED that Morris's motion (Motion Sequence Number 004) to change venue pursuant to CPLR §§ 510(1) and 511 is DENIED and New York County shall remain the venue for this action; and it is further

ORDERED that plaintiff's motion (Motion Sequence Number 005) for leave to amend the complaint pursuant to CPLR §§ 3025(b) and 1002(b) is GRANTED; and it is further

**950549/2020 DOE, AG1 vs. MORRIS, GEORGE**
**Motion Sequence Numbers 002 003 004 005**

Page 11 of 13

[* 11]

ORDERED that this action shall bear the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
AG1 DOE,

                    Plaintiff,

                                        Index Number 950549/2020

        - v -

GEORGE MORRIS; THE UNITED STATES
EQUESTRIAN FEDERATION, INC.; USA
EQUESTRIAN TRUST, INC.; and DOES 1-5
whose identities are unknown to Plaintiff,

                    Defendants.
-------------------------------------------------------------------X

And it is further

ORDERED that, within 30 days from entry of this order, counsel for plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office in New York County (60 Centre Street, Room 119), who is hereby directed to mark the court's records to reflect the party being added hereto, USA EQUESTRIAN TRUST, INC.; and it is further

ORDERED that service of this order upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (see section J);[1] and it is further

ORDERED that plaintiff shall, within 20 days from service of a copy of this order with notice of entry, file and serve a Supplemental Summons and Amended Complaint in the substance of the proposed First Amended Complaint on all defendants, with the prejudicial material removed, pursuant to this order, above; and it is further

ORDERED that plaintiff shall serve the new defendant via personal service, and the new defendant shall answer pursuant to the Civil Practice Law and Rules, unless the parties agree to alternate service; and it is further

ORDERED that prior defendants shall have 20 days from such service of the Amended Complaint in which to answer or otherwise respond thereto; and it is further

---

[1] The *Protocol* is accessible at the "E-Filing" page on the court's website: https://ww2.nycourts.gov/courts/1jd/supctmanh/index.shtml.

**950549/2020  DOE, AG1 vs. MORRIS, GEORGE**
**Motion Sequence Numbers 002 003 004 005**

ORDERED that the parties shall meet and confer and e-file a proposed First Compliance Conference Stipulation and Order by Friday, November 22, 2024. If the parties are unable to stipulate, they shall notify the Court and request a conference by emailing the part clerk at SFC-Part18-Clerk@nycourts.gov.

This constitutes the decision and order of the Court.

| 9/27/2024 | | | | |
|-----------|---|---|---|---|
| DATE | | | ALEXANDER M. TISCH, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|------------------|--------------------------|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

950549/2020  DOE, AG1 vs. MORRIS, GEORGE
Motion Sequence Numbers 002 003 004 005

Page 13 of 13