Huebner v Goodman (2024 NY Slip Op 05091)

Huebner v Goodman

2024 NY Slip Op 05091

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2024-00541
 (Index No. 520548/21)

[*1]David Y. Huebner, respondent, 
v
Aryeh Goodman, appellant.

Calcagni & Kanefsky, LLP, New York, NY (Eric T. Kanefsky of counsel), for appellant.
Kelner & Kelner, New York, NY (Emil L. Samuels of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 27, 2023. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In August 2021, the plaintiff commenced this action pursuant to the revival statute enacted as part of the Child Victims Act (see CPLR 214-g; hereinafter the CVA). The plaintiff alleged that, when he was a resident of New York, he was the victim of childhood sexual abuse committed against him by the defendant, a resident of New York, while attending summer camp in Pennsylvania in 2001. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff opposed the motion. In an order dated November 27, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
CPLR 214-g, enacted as part of the CVA, provides a revival window for "civil claims or causes of action alleging intentional or negligent acts or omissions that seek to recover for injuries suffered as a result of conduct which would constitute sex crimes, which conduct was committed against a child less than 18 years of age, for which the statute of limitations had already run" (S.H. v Diocese of Brooklyn, 205 AD3d 180, 184; see Anonymous v Castagnola, 210 AD3d 940, 941). "[T]he legislative history of the CVA evinces a clear intent to benefit New York survivors of sexual abuse" (S.H. v Diocese of Brooklyn, 205 AD3d at 188), and "the bill was enacted with New York state victims in mind" (id. at 186). "'A plaintiff's residence in New York at the time his or her claims or causes of action accrued is sufficient to bring those claims or causes of action within the purview of CPLR 214-g, even where . . . the wrongful conduct underlying the New York resident's causes of action occurred out-of-state'" (Pesola v St. Mary's High Sch., 227 AD3d 736, 737, quoting Smith v Pro Camps, Ltd., 226 AD3d 936, 937 [alteration omitted]; see ARK265 Doe v Archdiocese of N.Y., 221 AD3d 422, 422; Samuel W. v United Synagogue of Conservative Judaism, 219 AD3d 421, 422).
Here, the plaintiff alleged that he was a New York resident at the time the causes of action accrued, and the defendant submitted no evidence to the contrary. Thus, contrary to the [*2]defendant's contention, CPLR 214-g applies even though the alleged sexual abuse occurred outside of New York (see Pesola v St. Mary's High Sch., 227 AD3d at 737; Smith v Pro Camps, Ltd., 226 AD3d at 937). Furthermore, contrary to the defendant's contention, the application of CPLR 214-g to a New York resident's claims or causes of action is not an extraterritorial application (see Smith v Pro Camps, Ltd., 226 AD3d at 938).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court